A98A0152. IN THE INTEREST OF C. N., a child.
(500 SE2d 400)

Judge Harold R. Banke.

The juvenile court found clear and convincing evidence that C. N. was a deprived child needing State protection. The court accepted the Department of Family & Children Services' ("DFCS") recommendation that reunification services were not appropriate. C. N.'s biological mother disputes those findings.

Over an extended period of time, DFCS received referrals about C. N., born in May 1987, and had maintained a child protective services file on him. In September 1996, DFCS opened a new case based on reports of neglect by C. N.'s maternal grandfather, his primary caretaker. A DFCS investigation confirmed inadequate adult supervision and poor discipline, erratic school attendance, chronically poor hygiene, and repeated problems with lice infestation. At the time of the intervention, C. N., who has a learning disability, was functioning two grade levels below normal and needed special speech services. His communication skills were extremely deficient due to a severe articulation disorder. His 82-year-old grandfather, a loving and caring person, suffers from certain physical limitations, and was admittedly unable to discipline or to provide for C. N.'s special needs. C. N.'s mother was unemployed, on SSI disability, and according to psychological tests is cognitively limited. When C. N. balked at going to school, he was permitted to remain home and watch television or play without any supervision outside the trailer. His mother conceded that C. N. had been exposed to her quarreling and fighting with her boyfriend.

According to C. N.'s foster mother, when C. N. arrived at her home, he was infested with head lice, suffering from an ear infection, and needed extensive dental work including seven fillings, three root canals and crowns, and one extraction. She testified that C. N. was gradually becoming less withdrawn, more outgoing, and that with

intensive speech therapy and regular school attendance, his speech had significantly improved. In her view, C. N. had blossomed into a bubbly, warm, and friendly child. *Held*:

1. C. N.'s mother contends that the deprivation order was not supported by clear and convincing evidence that C. N. is deprived or that she is unfit or unable to retain custody. A "deprived child" is one who is "without proper parental care or control, subsistence, education as required by law, or other care or control necessary for his physical, mental, or emotional health or morals." OCGA § 15-11-2 (8) (A). A parent may lose custody where the court determines by clear and convincing evidence that the child is deprived and will likely be harmed by such deprivation. OCGA §§ 15-11-33 (b) (1); 15-11-34 (a) (2). Deprivation may be shown to have resulted from parental unfitness that is either intentional or unintentional misconduct resulting in the abuse or neglect of a child by what is tantamount to physical or mental incapability to care for the child. *In re D. H.*, 178 Ga. App. 119, 124 (342 SE2d 367) (1986).

In this case, the State offered evidence that C. N. was a "deprived child" who lacked appropriate parental supervision, proper discipline, and suffered from poor personal hygiene. C. N. missed 16 of 48 school days and his mother was admittedly unable to compel C. N. to attend school because she feared his temper tantrums. The State presented evidence that C. N.'s mother was emotionally and mentally impaired. A licensed professional counselor testified that his mother was unable to comprehend and implement the parenting skills that he attempted to teach her. This counselor, a parent aide, and a DFCS caseworker concluded that C. N.'s mother could not make substantial progress even if additional services were provided. In fact, C. N.'s mother admitted to DFCS and to school personnel that she was not able to effectively parent C. N.

The evidence was sufficient to permit the juvenile court to have found clear and convincing proof of C. N.'s deprivation and that his mother's misconduct or inability to care for his needs resulted in abuse or neglect sufficient to render her unfit to retain custody. See OCGA § 15-11-81 (b) (4). See *In the Interest of J. M. K.*, 189 Ga. App. 140, 141 (375 SE2d 131) (1988).

2. C. N.'s mother asserts that DFCS's non-reunification recommendation lacked sufficient particularity as to why reasonable efforts at reunification would be detrimental to C. N. and contained only conclusory statements of possible harm to C. N. She also contends that the court's order embracing that recommendation lacked the requisite clear and convincing evidence that reunification would be detrimental to C. N. See OCGA § 15-11-41 (g).

DFCS offered evidence that reunification would subject C. N. to further educational neglect, inadequate supervision, and domestic

violence. DFCS presented testimony which demonstrated that C. N.'s mother's cognitive limitations and inability to exercise control and to adequately supervise C. N. had placed C. N. at risk. Three witnesses testified that C. N.'s mother failed to make any significant progress despite receiving intensive support and professional intervention. A DFCS caseworker testified that the agency could not provide any additional services which would eliminate the risk of harm to C. N. and make the home suitable for reunification. In light of this evidence, the juvenile court, as the factfinder, could have found clear and convincing evidence that the conditions of deprivation were likely to continue and that reunification would be detrimental to C. N. *In the Interest of J. M. C.*, 201 Ga. App. 173, 174 (410 SE2d 368) (1991). See *In re B. D. C.*, 256 Ga. 511, 512-513 (350 SE2d 444) (1986); OCGA § 15-11-41 (i).

*Judgment affirmed. Birdsong, P. J., and Johnson, J., concur.*

DECIDED MARCH 26, 1998 ▮▮▮▮▮▮▮▮▮▮

*Kennedy R. Packer*, for appellant.

*Thurbert E. Baker, Attorney General, Jeffrey L. Milsteen, Deputy Attorney General, William C. Joy, Senior Assistant Attorney General, Stephanie M. Baldauff, Shalen A. Sgrosso, Assistant Attorneys General, Fitzpatrick & Camp, Thomas A. Camp*, for appellee.