A99A2484. IN THE INTEREST OF D. A., a child.

(524 SE2d 248)

MCMURRAY, Presiding Judge.

This appeal is by the teenage mother of an infant child from a juvenile court order finding the child deprived and transferring legal custody (temporary) of the child to the teenage mother's aunt. The juvenile court entered this order to protect the five-month-old child and to provide the underage mother a chance to learn parenting skills and reach her goal of family reunification. Because there is proof that the child's tender age and medical disorder requires that the child receive constant care and that the mother is not able to provide this care or supply the child with a stable home, the juvenile court did not err in temporarily placing the child with the mother's nearest responsible relative — the mother's aunt.

The evidence adduced at the deprivation hearing reveals that the mother lost custody when the child was admitted to a hospital's emergency room (three months after the child's birth) and treated for a life-threatening breathing disorder. The emergency room physician testified that he became concerned for the child's safety because the mother did not appear to be attentive when he provided her with instructions for treating and responding to the child's life-threatening breathing disorder. A hospital social worker testified that she became concerned for the child's safety when she discovered during the emergency room visit that the mother was emotionally depressed; that the mother was unable to provide for herself or the child and that the mother had considered hurting herself. The teenage mother testified that she was fourteen years of age; that she was attending school and that she was in the ninth grade. She also testified that her mother, to whom she is a dependent, was not able to support her financially; that she (the mother) was residing with her aunt (to whom temporary custody of the child was awarded) and that this aunt is her sole source of food and shelter. She admitted that she had resided with relatives, in crowded living conditions, in three different locations since the child's birth; that she is unemployed; that she has an "attitude problem" which caused her to be placed in an alternative school and that she had missed two out of five visits with

her baby since the child was placed in protective custody. An aide assigned by the Department of Family & Children Services ("DFACS") to help the mother become self-sufficient testified that the mother had missed three of five parenting classes; that the mother had dropped out of school when the child was removed from her custody and that the mother did not make any reasonable effort to accomplish goals that were designed to help her support and care for the child. The mother's aunt (to whom temporary custody of the child was awarded) testified that the mother was residing in her home; that the mother and the child were welcome to stay in her home; that she had been trained and was certified to be a foster parent and that she could help the mother with her "attitude problem." The mother's aunt expressed maternal empathy for her niece when she opined, "I just think she's [(the mother)] just a normal teenager that want to grow up a little too fast." *Held*:

The mother challenges the sufficiency of the evidence in two enumerations of error, arguing that there is no clear and convincing evidence that the child is deprived.

The mother is correct in arguing that there must be clear and convincing evidence to support a finding of deprivation. OCGA § 15-11-33 (b) (1); *In re Suggs*, 249 Ga. 365 (291 SE2d 233). But she is incorrect in inferring that her circumstances are the primary factor in determining whether the child is deprived. The definition of a deprived child, under OCGA § 15-11-2 (8) (A), focuses upon the child's needs — not parental fault. See *In the Interest of J. P.*, 267 Ga. 492 (480 SE2d 8). The controlling factor is whether the child is provided with proper parental care or control or other care or control necessary for the child's physical, mental, or emotional health or morals. Resolution of this issue is for the juvenile court. It is this Court's duty to review the evidence in the light most favorable to the juvenile court's judgment and determine whether any rational trier of fact could have found by clear and convincing evidence that the child was deprived and whether, under the circumstances, the court properly awarded temporary custody of the child. *In the Interest of S. S.*, 232 Ga. App. 287, 289 (501 SE2d 618). See OCGA § 15-11-41 (b). This Court neither weighs the evidence nor determines the credibility of witnesses. We instead defer to the trial court's factfinding and affirm unless the appellate standard is not met. *In the Interest of S. S.*, 232 Ga. App. at 289, supra.

It appears undisputed in the case sub judice that the maternal grandmother is unemployed and unable to assist the mother or provide the mother and the child a place to live. It is also undisputed that the child's father is unable to provide for the child. These circumstances, evidence that the child requires constant monitoring and care due to a life-threatening medical condition and proof that

the mother is unable to provide such care (due to a variety of reasons related to her youth, emotional weakness and immaturity — including but not limited to OCGA § 20-2-690.1 (a)'s requirement that the mother attend school) clearly and convincingly authorize the juvenile court's judgment that the child is deprived due to a lack of parental care and control and that temporary placement of the child with the mother's aunt is in the child's best interest. Indeed, we applaud the juvenile court's disposition of this difficult and troubling case because its order not only ensures the infant child's well-being and safety, but the order also keeps the mother and the child together while the mother, a child herself, has an opportunity to accomplish goals necessary for her reunification as the child's custodial parent. See *In the Interest of C. N.*, 231 Ga. App. 639, 640 (1) (500 SE2d 400). Compare *Chancey v. Dept. of Human Resources*, 156 Ga. App. 338, 339 (1) (274 SE2d 728), where similar circumstances did not satisfy a greater standard for permanent termination of a teenage mother's parental rights.

*Judgment affirmed. Johnson, C. J., and Phipps, J., concur.*

DECIDED OCTOBER 28, 1999.

*Deborah L. Gowen*, for appellant.

*Thurbert E. Baker, Attorney General, Dennis R. Dunn, Deputy Attorney General, William C. Joy, Senior Assistant Attorney General, Shalen A. Sgrosso, Laura W. Hyman, Assistant Attorneys General, Garcia & Powell, Tony D. Coy*, for appellee.