A01A0726. IN THE INTEREST OF W. P. H., a child.
(549 SE2d 513)

ANDREWS, Presiding Judge.

The mother of a minor child appeals from a juvenile court order finding: (1) that her child, W. P. H., is deprived, and (2) ordering disposition by transferring temporary legal custody of the child to the child's paternal grandmother. We conclude the evidence was sufficient to support the court's finding that the child was deprived and affirm that portion of the order. We vacate and remand the disposition portion of the order, however, because it fails to include a finding of fact as to reasonable efforts made to preserve and reunify the family and lacks any provision specifying conditions for retransferring

custody of the child to the mother.

1. Contrary to the mother's contention, we conclude there was clear and convincing evidence to support the juvenile court's finding that W. P. H. is a deprived child as defined by OCGA § 15-11-2 (8) (A). *In re Suggs*, 249 Ga. 365 (291 SE2d 233) (1982); OCGA § 15-11-56 (a), (b) (1).

> The definition of a deprived child, under OCGA § 15-11-2 (8) (A), focuses upon the child's needs — not parental fault. The controlling factor is whether the child is provided with proper parental care or control or other care or control necessary for the child's physical, mental, or emotional health or morals. Resolution of this issue is for the juvenile court. It is this Court's duty to review the evidence in the light most favorable to the juvenile court's judgment and determine whether any rational trier of fact could have found by clear and convincing evidence that the child was deprived and whether, under the circumstances, the court properly awarded temporary custody of the child. This Court neither weighs the evidence nor determines the credibility of witnesses. We instead defer to the trial court's factfinding and affirm unless the appellate standard is not met.

(Citations omitted.) *In the Interest of D. A.*, 240 Ga. App. 561, 562 (524 SE2d 248) (1999). Furthermore, deprivation is established by showing parental unfitness upon "either intentional or unintentional misconduct resulting in the abuse or neglect of the child or by what is tantamount to physical or mental incapability to care for the child." (Punctuation omitted.) *In the Interest of U. B.*, 246 Ga. App. 328 (1) (540 SE2d 278) (2000).

The child's paternal grandmother brought the petition in this case alleging that the two-year-old child is deprived and seeking legal custody. See OCGA § 15-11-38. The record shows that the child's father is presently incarcerated and unable to care for the child or provide for the child's needs. The juvenile court found that evidence presented at the hearing established the following facts.

The mother has left the child to be cared for by various caretakers including the paternal and maternal grandmothers, and the child has lived most of his life with these various caretakers instead of with the mother. The child resided in the paternal grandmother's home during the entire summer of 1999 and from January 2000 until the time of the hearing in this case in August 2000. During the latter period, the mother would see the child for a couple of hours on weekdays, but the child spent every night with the grandmother. The mother, who lived with her mother at the time, sometimes visited

with the child on weekends, but not regularly. The child became seriously ill during this time and was cared for by the paternal grandmother. When the grandmother took the child to the doctor, the mother failed to respond to her request that she meet her at the doctor's office. At least since January 2000, the paternal grandmother has provided for the child's care and subsistence, and the mother has offered no assistance to the grandmother. On one occasion when the child's father refused to allow the mother to take the child from the grandmother's house, the mother took the child with the aid of a police officer, only to return the child to the grandmother a few days later.

Based on these facts, the juvenile court concluded that the child is deprived and that the mother's actions during the child's entire life, and particularly during the last seven months, showed a lack of commitment to provide proper parental care or control necessary for the day-to-day well-being of the child. We agree and conclude these facts, which are supported by the record, provide clear and convincing evidence that the child is deprived and that the deprivation was caused by the mother's lack of fitness in neglecting or being incapable of caring for the child.

2. The mother is correct, however, in pointing out that the disposition portion of the order fails to comply with statutory requirements.

Having found the child is deprived, the juvenile court was authorized to transfer temporary legal custody of the child to the paternal grandmother or to another qualified person or entity pursuant to the provisions of OCGA § 15-11-55 (a). In fact, the court made the finding required by OCGA § 15-11-58 (a) that continuing custody in the mother would be contrary to the welfare of the child. However, the court did not address two other related statutory requirements.

Under OCGA § 15-11-55 (a) (2), the court was required to include in the conditions and limitations of the temporary transfer of custody, "a provision that the court shall approve or direct the retransfer of the physical custody of the child back to the parents, guardian, or other custodian either upon the occurrence of specified circumstances or in the discretion of the court." Furthermore, OCGA § 15-11-58 (a) (2) requires that, except in circumstances not applicable here, "reasonable efforts shall be made to preserve and reunify families: (A) Prior to the placement of a child in foster care, to prevent or eliminate the need for removing the child from the child's home; and (B) To make it possible for a child to return safely to the child's home." Accordingly, OCGA § 15-11-58 (a) provides that a disposition order transferring temporary legal custody of the child from the child's parents shall determine as a finding of fact whether such reasonable efforts were made by the Division of Family & Children Services of

the Department of Human Resources and any other appropriate agencies.

Because the court's order fails to address these statutory requirements, the disposition portion of the order is vacated, and the case is remanded to the juvenile court for consideration of these requirements in the disposition of the deprived child.

*Judgment affirmed in part, vacated in part and case remanded. Eldridge and Miller, JJ., concur.*

DECIDED MAY 24, 2001 —
RECONSIDERATION DENIED JUNE 7, 2001.

*Coppedge & Leman, David L. McGuffey,* for appellant.
*Waycaster, Morris, Johnson & Dean, Marcus R. Morris, Cynthia N. Johnson,* for appellee.