A07A0281. IN THE INTEREST OF T. R. et al., children.
(644 SE2d 880)

ADAMS, Judge.

The Juvenile Court of Cobb County found that three adopted children of D. R., who is also the children's maternal grandmother, were deprived as a result of evidence that the children had been

repeatedly beaten while in D. R.'s care, including an incident where D. R. struck the youngest child on the face, which left marks on both sides of her face, as well as other incidents of beatings with a belt. The court found that the children were suffering emotional trauma as a result and that the children's emotional condition improved significantly once they were taken out of their grandmother's care and placed with relatives.

Although D. R. enumerates as error that the evidence was insufficient to support the decision, she fails to argue the facts in her brief other than to note that some of her own witnesses testified that they had never seen any marks on the children and that life at her home seemed appropriate. And, she concedes that evidence was presented to show that she struck T. R. in the face and that it left a mark; that she spanked the children with a belt; that she asked J. R. if he wanted to die and drown and then proceeded to push him down into a tub of water; that J. R. had been struck with an extension cord; that A. R. had been struck with a belt buckle; that D. R. acknowledged to the court appointed special advocate that she hit the children with a belt; and that D. R. had refused to allow a social services case manager to enter the home.

"On appeal from a juvenile court's order finding deprivation, we review the evidence in the light most favorable to the juvenile court's judgment to determine whether any rational trier of fact could have found by clear and convincing evidence that the [child was] deprived." (Citations and punctuation omitted.) *In the Interest of G. G.*, 253 Ga. App. 565 (560 SE2d 69) (2002). Under Georgia law a child is deprived if he or she is "without proper parental care or control, subsistence, education as required by law, or other care or control necessary for the child's physical, mental, or emotional health or morals." OCGA § 15-11-2 (8) (A). Construed in favor of the decision, the evidence acknowledged by D. R., as well as additional evidence in the record, is sufficient to meet the standard.

In the only arguments found in her brief, D. R. raises several other points. She first contends the trial court was not authorized to remove the children from her care without evidence that the deprivation "resulted from unfitness on the part of the parent, that is, either intentional or unintentional misconduct resulting in the abuse or neglect of the child or by what is tantamount to physical or mental incapability to care for the child." *In the Interest of E. M.*, 264 Ga. App. 277, 277-278 (590 SE2d 241) (2003). But here, unlike in the cited case, there was evidence that D. R. had physically abused the children.

D. R. also claims the court was required to make a finding that continued custody in the mother would be contrary to the welfare of the children. See OCGA § 15-11-58 (a). But the court made just such

a finding, and it is supported by the record, including by the facts acknowledged by D. R. in her brief.

D. R. also claims the court was required by law to make a finding that the Department of Family and Children Services ("DFACS") made reasonable efforts to preserve and reunify the family. See OCGA § 15-11-58 (a). But that provision is only applicable if the court places custody of the child in DFACS, which the trial court recognized. Id. Furthermore, the court held in an amended order that reasonable efforts had been made.

Finally, D. R. claims the court was required to articulate in the order the circumstances under which the children would be returned to her. See OCGA § 15-11-55 (a) (2). When a court finds a child to be deprived and places the child with a qualifying third party, the court's order to that effect "shall include a provision that the court shall approve or direct the retransfer of the physical custody of the child back to the parents, guardian, or other custodian either upon the occurrence of specified circumstances or in the discretion of the court." Id.; *In the Interest of W. P. H.*, 249 Ga. App. 890, 892 (2) (549 SE2d 513) (2001), overruled on separate grounds, *In the Interest of J. W. K.*, 276 Ga. 314, 317 (578 SE2d 396) (2003). Because the order did not contain such a provision, the case is remanded for that purpose.

*Judgment affirmed and case remanded with direction. Andrews, P. J., and Ellington, J., concur.*

DECIDED MARCH 30, 2007.

*Lawrence W. Daniel*, for appellant.
*Thurbert E. Baker, Attorney General, Shalen S. Nelson, Senior Assistant Attorney General, Sanders B. Deen*, for appellee.