54252. In The Interest Of: GWEN SMITH et al.

BIRDSONG, Judge.

This appeal emanates from the termination of parental rights. In an earlier hearing, the trial court entered a judgment terminating the rights of both parents to the custody, control and parental interests of the two minor children involved. The father apparently understood the context of the judgment of the court and did not desire to pursue any appellate rights. The mother, however, filed an appeal to the termination of her parental rights. Because of confusion in the scope of the earlier hearing and the orders of the court terminating the parental rights, the court agreed to conduct a de novo hearing on the entire matter. Appellant then withdrew her appeal. Though the father had indicated no further interest in the litigation, he was extended the right to participate in the de novo hearing and both parents appeared with counsel. During the hearing, the case investigator was allowed to testify at length as to the

circumstances of the two children, her observations and opinions of the condition, both mental and physical, of the parents as well as the children. Additionally, during the course of the trial, the trial court read its earlier orders concerning custody and termination of parental rights and discussed the background of those orders with counsel, apparently in an effort to clarify the testimony of the case investigator. The father again does not pursue an appeal to the termination of his rights, but the appellant mother has brought this appeal enumerating as error the consideration by the trial court of the orders and background circumstances of those earlier orders in a de novo hearing as well as the opinion testimony of the case investigator. *Held:*

1. Appellant complains in her first enumeration of error in effect that a de novo hearing requires the trial court to insulate itself from all earlier matters dealing with the same hearing. She contends that the trial court must consider the evidence as if it had not been heard before, and as if no decision had been rendered previously. These principles of law, while correct, are incorrectly applied by appellant. A trial de novo brings up the entire record, and all competent evidence material and relevant to the issues, even though once heard, are admissible on the trial in the de novo hearing. It is not the province of the de novo court to review and affirm or reverse the rulings of the original court, but to try the issues anew and pass original judgments on the questions involved as if there had been no previous trial. *Mathews v. Mathews,* 136 Ga. App. 833, 837 (222 SE2d 609) (1975). This does not preclude the trial court from examining the earlier rulings, judgments, evidence or issues raised thereby, but simply precludes the trial court from being bound by those earlier decisions. *Knowles v. Knowles,* 125 Ga. App. 642, 645 (1) (188 SE2d 800) (1972). See also *Maloy v. Maloy,* 134 Ga. 432 (2) (68 SE 80) (1910).

There is no contention in this case that the orders were not relevant or material to the issues to be decided by the de novo trial court or that the trial court did not exercise its independent judgment in arriving at its new judgment. Appellant has shown no error or prejudice in the procedure followed.

2. In her second enumeration of error, appellant asserts that the investigating case worker was allowed to testify as to the mental and physical conditions of appellant and the two children which the investigator had observed while in the home of appellant (and elsewhere) during and as a product of her investigation. The basis of this enumeration is that the witness was never qualified as an expert.

There was evidence that the witness was a casework supervisor with the Department of Family & Children Services; that she had participated in the investigation of some 75 children and their families; and that she had undergone training in at least ten different study and workshop periods in child welfare work. It is our opinion that the witness properly qualified as an expert and that her testimony was permissible as such. Generally, nothing more is required to entitle one to give testimony as an expert than that he has been educated in the particular trade or profession; and special knowledge in regard to a particular subject may be derived from experience as well as study and direct mental application. *Carter v. Marble Products,* 179 Ga. 122 (1) (175 SE 480) (1934); *Rosenburg v. Mossman,* 140 Ga. App. 694, 695 (231 SE2d 417) (1976); *Frazier v. State,* 138 Ga. App. 640, 645 (227 SE2d 284) (1976). Whether or not a witness is allowed to testify as an expert is a question for the sound discretion of the trial court and such discretion, unless abused, will not be disturbed. *Rouse v. Fussell,* 106 Ga. App. 259 (4) (126 SE2d 830) (1962). Furthermore, it is well settled that when the subject matter of any inquiry relates to numerous facts perceived by the senses, from a series of instances passing under the observation of a witness, or to a variety of circumstances and a combination of appearances, which, under the limitation of language, cannot be adequately described and presented to the jury with the same force and clearness as they appeared to the witness, the witness may state his impressions drawn from, and opinions based upon, the facts and circumstances observed by him or the effect which they produced upon his mind. This procedure is sometimes spoken of as the "shorthand" rendering of facts or as testimony of collective facts. *Dual S. Enterprises v. Webb,*

138 Ga. App. 810, 811 (2) (227 SE2d 418) (1976); *Royal Crown Bottling Co. v. Stiles,* 82 Ga. App. 254, 267 (60 SE2d 815) (1950); *Stenger v. Weller,* 47 Ga. App. 863 (1) (171 SE 829) (1933). Under either theory, there was no error in the admission of this evidence.

*Judgment affirmed. Deen, P. J., and Webb, J., concur.*

SUBMITTED JULY 7, 1977 — DECIDED SEPTEMBER 29, 1977.

*Woodrow W. Lavender, Walter J. Gordon,* for appellant.

*James D. Hudson, Arthur K. Bolton, Attorney General, Carol Atha Cosgrove, Assistant Attorney General,* for appellees.