## 58099. COX v. DEPARTMENT OF HUMAN RESOURCES.

CARLEY, Judge.

Appellant, the natural father of a two-year-old child, appeals from the order of the juvenile court terminating his parental rights to the child.

1. Appellant complains of the trial court's overruling of his objection to testimony of the representative of the Department of Human Resources concerning the representative's discussions with the natural mother of the child with regard to the conditions in the home. The department's representative explained that as the result of these discussions, further investigation ensued and culminated in the filing of the petition to terminate appellant's parental rights. Code Ann. § 38-302 provides that "[w]hen, in a legal investigation, information, conversations, letters and replies, and similar evidence are facts to explain conduct and ascertain motives, they shall be admitted in evidence, not as hearsay, but as original evidence." Since the testimony to which objection was made explained the conduct of the representative in connection with the subsequent investigation and the institution of this proceeding and was not offered for the purpose of showing the truth or falsity of any of the statements made, the same was admissible as original evidence. *Johnson v. State,* 149 Ga. App. 775, 776 (256 SE2d 51) (1979); *Lundy v. State,* 130 Ga. App. 171, 174 (4) (202 SE2d 536) (1973); *Farley v. State,* 145 Ga. App. 98, 102 (243 SE2d 322) (1978).

2. We likewise find non-meritorious appellant's contention that the trial court erred in allowing the department's representative to testify as to her opinion concerning appellant's ability to care for the two-year-old child. The representative whose opinion was attacked testified that she had known appellant for about ten years and that she had personally observed him many times including at least five separate occasions during the year immediately preceding the hearing in this case. This court has held that "it is well settled that when the subject matter of any inquiry relates to numerous facts perceived by the senses, from a series of instances passing under the observation of a witness, or to a variety of circumstances and a combination of appearances, which, under the limitation of language, cannot be adequately described and presented to the jury with the same force and clearness as they appeared to the witness, the witness may state his impressions drawn from, and opinions based upon, the facts and circumstances observed by him or the effect which they produced upon his mind." *In the interest of Gwen Smith,* 143 Ga. App. 358, 360 (238 SE2d 725) (1977). The representative's testimony was properly admitted.

3. The appellant contends that the findings of the juvenile court terminating appellant's parental rights are without foundation "in fact and in law" and that there is no evidence to support the order terminating appellant's parental rights. The order appealed from reveals that the juvenile court found "that in spite of constant intervention of the agencies, [appellant and his wife] have been unable to learn even the basic skills necessary to provide for the child." There was evidence that the child was often filthy, was given spoiled milk, was brought to a hospital in a sick condition and abandoned at the hospital by the natural mother who subsequently voluntarily released her parental rights. The caseworker who conducted the investigation testified that the home of appellant was often dirty, had no indoor plumbing and that the exterior looked like a junkyard. The department's representative further stated that, in her opinion, appellant could not care for a child without outside help.

Although it is indisputable that termination of parental rights is a severe measure, the record is replete with evidence supporting the trial court's conclusion that the appellant, "because of his age, his physical condition, and because of his inability to understand basic parental skills, would be unable to provide the child with proper parental care and control, and the proper subsistence necessary for his physical, mental and emotional health." See *Wynn v. Dept. of Human Resources,* 149 Ga. App. 559 (254 SE2d 883) (1979).

We are constrained to observe that this is the second appeal before this court involving this appellant and placing in issue the termination of his parental rights. In *Cox v. Dept. of Human Resources,* 148 Ga. App. 43 (250 SE2d 839) (1978), we affirmed the juvenile court's termination of the rights of appellant and his wife to an older daughter. Although this case is separate, the issue distinct and the justification for termination necessarily confined to the merits sub judice, we think that the record demands affirmance of the trial court's order because, as before, "[i]t is clear from the record in this case that the trial court applied the appropriate standards of Code Ann. §§ 24A-401 (h) and 24A-3201 (a) (2). The determination of the trial court that the child here involved is deprived and that the causes and conditions of that deprivation are likely to continue was supported by the evidence and will not be disturbed. *Roberts v. State of Ga.,* 141 Ga. App. 268 (233 SE2d 224)." *Cox v. Dept. of Human Resources,* supra, 47. The findings and conclusions of the juvenile court are adequately supported by the record and we find no error. *Wynn v. Dept. of Human Resources,* supra.

*Judgment affirmed. Deen, C. J., and Shulman, J., concur.*

SUBMITTED JULY 2, 1979 — DECIDED SEPTEMBER 7, 1979.

*Joseph M. Todd,* for appellant.

*Larry A. Foster, Arthur K. Bolton, Attorney General, Carol Atha Cosgrove, Assistant Attorney General,* for appellee.