## 59976. JONES v. DEPARTMENT OF HUMAN RESOURCES.

BANKE, Judge.

Prior to this appeal from an order placing temporary custody of appellant's infant daughter in the D. H. R., counsel for appellant concluded, after examining the record, that there were no meritorious errors and, having determined that an appeal would be wholly frivolous, moved this court to permit his withdrawal as counsel of record pursuant to Anders v. California, 386 U. S. 738 (87 SC 1396, 18 LE2d 493) (1967). Assuming that Anders has any application to civil cases, it requires counsel to accompany his request to withdraw with a brief referring to anything in the record which might arguably support the appeal and to furnish a copy to his client. See Anders, supra, at 744; *Bethay v. State,* 237 Ga. 625 (229 SE2d 406) (1976). Since this had not been done, an order was issued denying the motion, and the appeal was subsequently perfected. *Held:*

1. We have reviewed the transcript of the hearing and find sufficient evidence to support the findings of the trial judge, both that the child is being deprived of the proper parental care necessary for her physical, emotional, and mental health and that the mother is not presently capable of caring for the child, there being substantial indication of her mental incapacity. "The laws authorizing the termination of parental rights . . . may sever children who are deprived, within the meaning of the law, from parents whose only deficiency is lack of mental ability to give necessary care to the children." *In the Interest of J. C.,* 242 Ga. 737, 738 (251 SE2d 299) (1978). See also Code Ann. § 24A-3201 (a) (2); *Kilgore v. Dept. of Human Resources,* 151 Ga. App. 19, 20 (1) (258 SE2d 680) (1979).

2. Nor was it error to deny appellant's motion for directed verdict on the ground that the intense supervision of appellant and her child by the mother's caseworker had satisfied the care and control requirements of the Juvenile Code, thereby excluding her from the definition of a deprived child under Code Ann. § 24A-401 (h) (1). While the evidence indicated that the intervention of the caseworker had prevented the child from suffering any lasting harm, this does not preclude the child from being classified as deprived. "That the statute [Code Ann. § 24A-3201 (a) (2), supra] uses the word 'is' rather than 'will be' does not mean that the court must wait for deprivation to actually occur. It is merely a question of the quality of the evidence. Past acts of deprivation are certainly stronger proof and more convincing evidence upon which to decide the issue. But there is no reason why a determination of deprivation may not be made on proof that the conditions under which the child would be

raised in the parent's home strongly indicate that deprivation will occur in the future . . . We are satisfied that the trial court weighed these factors and that the evidence, though prospective in nature, is sufficient to support the finding of deprivation. [Cit.]" *Roberts v. State of Ga.,* 141 Ga. App. 268, 270 (233 SE2d 224) (1977); *Cox v. Dept. of Human Resources,* 151 Ga. App. 257, 259 (3) (259 SE2d 664) (1979).

*Judgment affirmed. McMurray, P. J., and Smith, J., concur.*

SUBMITTED JUNE 5, 1980 — DECIDED JULY 16, 1980.

*Edward L. Hartness,* for appellant.

*William M. House, Arthur K. Bolton,* Attorney General, *Carol Atha Cosgrove, Vivian Davidson Egan,* Assistant Attorneys General, for appellee.