A90A1314. In the Interest of P. E. M. III, a child.
(395 SE2d 359)

Deen, Presiding Judge.

P. E. M.'s maternal grandparents filed a deprivation petition in the Juvenile Court of Hart County seeking a determination that their grandson was deprived under OCGA § 15-11-2 (8). The child's parents filed responsive pleadings denying that the child was deprived. Prior to the filing of the grandparent's petition, P. E. M.'s parents were involved in divorce proceedings in South Carolina, and a temporary order awarded custody of the child to his mother. The child and mother came to Georgia and resided with her parents. The parents reconciled, and the divorce action was dismissed. The juvenile court entered an order on February 6, 1990, denying the petition, but ordered further relief, including orders that the child was to reside with the parents only on weekends during the month of March and after that month was to return to the custody of his parents, that the parents attend Parents Anonymous meetings, that the South Carolina Department of Social Services supervise the family, and that the grandparents have certain weekend and vacation visitation privileges. The parents appeal. *Held*:

OCGA § 15-11-33 (a) requires the court to make certain findings as to whether the child is deprived. "If the court finds that the child is not a deprived child . . ., it shall dismiss the petition and order the child discharged from any detention or other restriction theretofore ordered in the proceeding."

As P. E. M. was not found to be deprived, the juvenile court erred in not dismissing the petition.

Appellee's motion to dismiss because the judgment was not final is without merit, and it is denied.

*Judgment reversed. Pope and Beasley, JJ., concur.*

Decided June 19, 1990.

*Lipscomb, Johnson & Ashway, David L. Dickinson*, for appellant.

*Daniel J. Parker, Michael J. Bowers, Attorney General, Carol A. Cosgrove, Senior Assistant Attorney General*, for appellee.