A93A2607. IN THE INTEREST OF M. D. S. et al., children.
(440 SE2d 95)

McMURRAY, Presiding Judge.

The Department of Family & Children Services ("DFCS") filed a deprivation petition in the Juvenile Court of Charlton County seeking temporary custody of the minor children, M. D. S. and S. N. S., alleging that the children were abandoned by their parents and that the children have been under the care of their paternal grandmother since September 1992. It is also alleged in complaints filed contemporaneously with the deprivation petition that the parents neglected the children.

The juvenile court conducted a temporary hearing on the day the deprivation petition was filed and concluded "that the minor children are presently deprived children and that said deprivation is likely to continue should the minor children be returned to the natural mother." The juvenile court ordered "that the minor children . . . remain in the temporary legal custody of [DFCS] and that the physical custody of the minor children . . . remain with the paternal grandmother . . . pending an adjudicatory hearing. . . ."

After an adjudicatory hearing, the juvenile court entered an order finding that the children's parents reside in California; "[t]hat the minor children have been residing with their paternal grandmother . . . since September, 1992[; that] the [paternal grandmother], and her family, reside [in] Charlton County, Georgia[; that] the minor children were delivered to the residence of their paternal grandmother, in September, 1992, by the natural father after the natural parents, who were, and who remain separated, determined that they could not care and provide for the minor children[; that] when the minor children, who had been residing with their natural mother prior to the time of their arrival in the State of Georgia arrived at the home of their paternal grandmother, they displayed symptoms of malnourishment and symptoms of neglect and abuse[; that] the symptoms of malnourishment and symptoms of neglect and abuse were observed by a treating

physician . . . after being delivered to their paternal grandmother's residence in September, 1992[; that] the minor children's symptoms [of] malnourishment and symptoms of neglect and abuse occurred over a period of months prior to their arrival in . . . Charlton County, Georgia[; that] the paternal grandmother has provided care, support, and control for the minor children since they have been in her home and the minor children's symptoms of malnourishment, neglect and abuse have improved significantly since they have been in [the paternal grandmother's] home[; that] the natural father is presently unable to financially provide for the minor children[; that] the natural mother would leave the minor children in the care of the natural father while she was out with her friends[; that] the natural mother, while still married to [the natural father], has been, and continues to be, involved in an intimate relationship with another man[; that neither] of the natural parents have filed for divorce[; that] the natural mother has a history of leaving her minor children in the home of [the paternal grandmother] for extended periods of time, providing very little, if any, monies for their support or the payment of medical bills[; that] the minor children have been placed and remain in counseling and it would be disruptive to their well being and their progress or rehabilitation to move them out of their present environment[; that] the natural mother and natural father have not shown a mature and responsible attitude and concern for the health, care and well being of the minor children [and that] the home of the paternal grandmother has been a secure, safe, and caring home for the minor children and they continue to show progress there."

The juvenile court concluded that the children are deprived; that said deprivation is likely to continue if custody of the children is returned to the natural mother; that custody of the children with the natural mother is contrary to the welfare of the children and that reasonable efforts have been made by DFCS to prevent or eliminate the need for removal and to make it possible for the children to return home. The juvenile court then awarded DFCS temporary custody of the children for a period of 18 months, beginning April 6, 1993, and held that "the natural parents may visit with the minor children upon such terms and conditions as [DFCS] in its discretion may allow."

The natural mother filed an application for discretionary appeal and this court granted an appeal based on the third enumeration of error of the natural mother's discretionary application regarding the apparent failure of DFCS to enter a plan for family reunification as required by OCGA § 15-11-41 (c) and the juvenile court's failure to enter findings of fact regarding DFCS' efforts for family reunification

as required by OCGA § 15-11-41 (b).[1] This appeal followed. *Held*:

1. The natural mother has not now enumerated the issues asserted in the third enumeration of her application for discretionary appeal and, as a consequence, this court is without jurisdiction to consider the issues raised therein. *In the Interest of K. L. L.*, 204 Ga. App. 320, 321 (1) (419 SE2d 312).

2. The natural mother first contends the absence of an endorsement on the deprivation petition that the filing of the petition is in the best interest of the public and the children as is required by OCGA § 15-11-23 is fatal to the juvenile court's jurisdiction. This contention is without merit. The temporary hearing conducted on the day the deprivation petition was filed substantially complies with the endorsement requirements of OCGA § 15-11-23. *J. G. B. v. State of Ga.*, 136 Ga. App. 75, 78 (4) (220 SE2d 79).

3. The natural mother challenges the sufficiency of the evidence. " ' "The appropriate standard of appellate review in a case of this sort is whether after reviewing the evidence in the light most favorable to the appellee, any rational trier of fact could have found by clear and convincing evidence that the natural parent's rights to custody were lost." (Cit.) "The reviewing court is to defer to the lower court in the area of factfinding and should affirm unless the appellate standard of review is not met." (Cit.) . . . (Cit.)' *In the Interest of S. K. L.*, [199 Ga. App. 731, 734 (1) (405 SE2d 903)]." *In the Interest of L. F.*, 203 Ga. App. 522 (417 SE2d 344). From this perspective, we recognize that "the juvenile court may evaluate the evidence concerning the conditions in which the children would be raised if they were placed in [the natural mother's custody] to ascertain whether deprivation is likely to occur in the future. *Jones v. Dept. of Human Resources*, 155 Ga. App. 371-372 (271 SE2d 27) (1980)." *In the Interest of J. L. M.*, 204 Ga. App. 46 (1), 48 (418 SE2d 415).

In the case sub judice, DFCS presented evidence that the children were malnourished when they arrived at the paternal grandmother's home in September 1992; that the natural mother has not consistently provided a safe and stable home environment for the children; that the natural mother has failed to visit, contact or consistently support the children since their arrival at the home of the paternal grandmother and that the children were abused (either physically or emotionally) before they came to live with the paternal grandmother. This evidence, evidence that the natural mother is "involved in an intimate relationship with another man" and the lack of

---

[1] The third enumeration in the natural mother's application for appeal asserts as follows: "The Order complained of has a duration of eighteen months from April 6, 1993, but said Order makes no provision for any investigation of the home and circumstances of the natural mother of said children, your Petitioner, who is a resident of the State of California."

evidence the natural mother is currently prepared to provide the children with minimum sustenance is sufficient to authorize the juvenile court's finding that the children are deprived, that said deprivation is likely to continue if custody of the children is returned to the natural mother and that custody of the children with the natural mother is contrary to the welfare of the children. Consequently, the juvenile court did not err in placing the children in the temporary custody of DFCS.

*Judgment affirmed. Johnson and Blackburn, JJ., concur.*

DECIDED JANUARY 24, 1994.

*W. Grady Pedrick*, for appellant.

*Michael J. Bowers*, Attorney General, *Teresa E. Lazzaroni*, Staff Attorney, *C. Deen Strickland*, for appellees.