A95A0822. IN THE INTEREST OF L. W. et al., children.
(453 SE2d 808)

JOHNSON, Judge.

ON MOTION FOR RECONSIDERATION.

We dismissed this appeal from a child custody order for failure to follow the discretionary appeal procedures of OCGA § 5-6-35 (a) (2). On reconsideration, appellant argues the order is directly appealable because it involves the termination of parental rights which does not fall within the purview of OCGA § 5-6-35 (a) (2). See *In the Interest of R. L. Y., M. R. Y. & R. A. Y.*, 180 Ga. App. 559 (349 SE2d 800) (1986). However, the order in question did not terminate appellant's parental rights; it simply awarded custody of the youngest child to the father and granted visitation rights to appellant.

While this case began as a deprivation proceeding in the juvenile court, we have consistently held that custody orders arising out of such proceedings are subject to the discretionary appeal procedures of OCGA § 5-6-35 (a) (2). See *In the Interest of M. D. S.*, 211 Ga. App. 706 (440 SE2d 95) (1994); *In the Interest of M. A. V.*, 206 Ga. App. 299 (425 SE2d 377) (1992); *In the Interest of N. A. B.*, 196 Ga. App. 819 (397 SE2d 301) (1990). We therefore reject appellant's assertion that we must look to the nature of the underlying proceeding rather than the substance of the order complained of in determining whether the discretionary appeal procedures apply. Thus, orders dealing with child custody are subject to the discretionary appeal procedures of OCGA § 5-6-35 (a) (2); *In the Interest of A. M. D.*, 212 Ga. App. 291 (444 SE2d 166) (1994); and orders terminating parental rights are directly appealable. *In the Interest of R. L. Y.*, 180 Ga.

App. at 559.
*Motion for reconsideration denied.*

APPEAL DISMISSED JANUARY 13, 1995 —
RECONSIDERATION DENIED FEBRUARY 3, 1995 —

*Martin L. Fierman,* for appellant.
*Shepherd & Brown, Timothy N. Shepherd,* for appellee.