S96G1205. IN THE INTEREST OF J. P.
(480 SE2d 8)

THOMPSON, Justice.

We granted certiorari to the Court of Appeals in *In the Interest of J. P.*, 220 Ga. App. 895 (470 SE2d 706) (1996), to clarify whether an appeal from a final order in a deprivation proceeding must be brought pursuant to the discretionary appeal procedures of OCGA § 5-6-35. Because deprivation cases are neither child custody nor domestic relations cases within the purview of OCGA § 5-6-35 (a) (2), we hold that a right of direct appeal lies from such orders. We accordingly affirm the judgment of the Court of Appeals.

The juvenile court has exclusive original jurisdiction over juvenile matters and is the sole court in which to initiate an action concerning any child who is alleged to be deprived. OCGA § 15-11-5 (a) (1) (C). See also *Watkins v. Watkins*, 266 Ga. 269, 271 (1) (466 SE2d 860) (1996); *Lewis v. Winzenreid*, 263 Ga. 459, 461 (435 SE2d 602) (1993). The definition of a deprived child, as contained in OCGA § 15-11-2 (8),[1] "focuses upon the needs of the child *regardless of parental fault* . . . The petition is brought on behalf of the child and it is [the child's] welfare and not who is responsible for the conditions which amount to deprivation that is the issue." *Brown v. Fulton County Family &c. Svcs.*, 136 Ga. App. 308, 310 (2) (220 SE2d 790) (1975). If the child is found to be deprived, the juvenile court is authorized under OCGA § 15-11-34 (a) to impose alternative orders of disposition "best suited to the protection and physical, mental and moral welfare of the child." Although the determination of where the child will be placed is necessary to such disposition, the proceeding itself is to determine whether the child is deprived and is not an action brought to decide custody matters. In contrast, child custody orders requiring an application to appeal under OCGA § 5-6-35 (a) (2), "include those entered as part of a divorce case or pursuant to the Uniform Child Custody Jurisdiction Act of 1978 [OCGA § 19-9-40 et seq.] or the Georgia Child Custody Intrastate Jurisdiction Act of

---

[1] OCGA § 15-11-2 (8) provides:

"Deprived child" means a child who: (A) Is without proper parental care or control, subsistence, education as required by law, or other care or control necessary for his physical, mental, or emotional health or morals; (B) Has been placed for care or adoption in violation of law; (C) Has been abandoned by his parents or other legal custodian; or (D) Is without a parent, guardian or custodian.

1978 [OCGA § 19-9-20 et seq.].” *Bryant v. Wigley*, 246 Ga. 155, 156 (1) (269 SE2d 418) (1980). As for “domestic relations” cases, we have held: “Where the underlying subject matter, i.e., the issues sought to be appealed, clearly arises from or is ancillary to divorce proceedings, or is derived from a marital relationship and divorce, the appeal is within the ambit of [OCGA § 5-6-35 (a) (2)].” *Russo v. Manning*, 252 Ga. 155 (312 SE2d 319) (1984). See also *C & S Nat. Bank v. Rayle*, 246 Ga. 727 (273 SE2d 139) (1980) (the legislative intent in enacting OCGA § 5-6-35 (a) (2) was to give appellate courts the discretion not to entertain appeals from decisions involving divorce, alimony, child custody or contempt). We are of the opinion that the legislature did not intend to include deprivation proceedings within the scope of OCGA § 5-6-35 (a) (2).[2] Accord *In the Interest of A. L. L.*, 211 Ga. App. 767 (440 SE2d 517) (1994).

Because decisions of the Court of Appeals have been in conflict on this issue, we expressly overrule any case to the extent that it holds or implies that an application for discretionary appeal is required in appeals from deprivation orders. See, e.g., *In the Interest of D. S.*, 212 Ga. App. 203 (441 SE2d 412) (1994); *In the Interest of M. D. S.*, 211 Ga. App. 706 (440 SE2d 95) (1994); *In the Interest of N. A. B.*, 196 Ga. App. 819 (397 SE2d 301) (1990); *In the Interest of M. A. V.*, 206 Ga. App. 299 (425 SE2d 377) (1992).

*Judgment affirmed. All the Justices concur.*

DECIDED JANUARY 21, 1997 —
RECONSIDERATION DENIED FEBRUARY 14, 1997.

*Michael J. Bowers, Attorney General, William C. Joy, Senior Assistant Attorney General, Shalen A. Sgrosso, Stephanie M. Baldauff, Assistant Attorneys General,* for appellant.
*Surrett & Coleman, Edward J. Coleman III,* for appellee.

---

[2] Similarly, it has been held that appeals from the termination of parental rights do not fall within the purview of OCGA § 5-6-35 (a) (2). *In the Interest of R. L. Y.*, 180 Ga. App. 559 (349 SE2d 800) (1986).