596 S.E.2d 781 (2004)
266 Ga. App. 325
In the Interest of C.F. et al., children (Three Cases).
Nos. A03A2376, A03A2377, A04A0094.
Court of Appeals of Georgia.
March 17, 2004.
Eric G. Kocher, Atlanta, for appellant.
Thurbert E. Baker, Atty. Gen., William C. Joy, Senior Asst. Atty. Gen., Shalen S. Nelson, Laura W. Hyman, P. Brian Campbell, Asst. Attys. Gen., for appellee.
MILLER, Judge.
In Case No. A03A2377, L.F. (the mother of three girlsC.F., L.F., and B.F.) appeals from the juvenile court's order finding that the children continued to be deprived. The question presented in that case is whether there was clear and convincing evidence that the children continued to be deprived. We hold that such evidence was not presented and therefore reverse. This holding renders moot the remaining enumeration in Case No. A03A2377, and renders moot Case No. A04A0094 (in which L.F. challenges a citizens' review panel decision on the same finding of continued deprivation).
In Case No. A03A2376, L.F. appeals from the juvenile court's order that dismissed a prior deprivation complaint but which further ordered that L.F. be only allowed visitation with the children in the presence of another adult. We hold that the trial court erred in ordering such a restriction upon dismissal of the complaint and reverse that portion of the order.
Case No. A03A2377
1. "On appeal from a finding that a child is deprived, we review the evidence in the light most favorable to the juvenile court's judgment to determine whether any rational trier of fact could have found by clear and convincing evidence that the child was deprived. Proof of parental unfitness must also be clear and convincing." (Citation, footnotes and punctuation omitted.) In the Interest of E.M., 264 Ga.App. 277, 278, 590 S.E.2d 241 (2003). Under OCGA § 15-11-2(8)(A), a deprived child is one who "[i]s without proper parental care or control, subsistence, education as required by law, or other care or control necessary for the child's physical, mental, or emotional health or morals...."
*782 The evidence showed that C.F. was placed in the protective custody of the Georgia Department of Family and Children Services (DFACS) in August 2000 when at seven months of age, she was hospitalized with a broken leg. L.F. told police that she rolled over onto the child while in bed. The doctor who treated the child had the opinion that the mother's explanation was inconsistent with the child's injury. In August 2001, L.F. overdosed C.F. on codeine. She claimed that she mistakenly gave the child an adult brand of Tylenol instead of infant Tylenol. DFACS filed a petition on August 31, 2001, alleging that all three children were deprived. Following a hearing, the court on October 16, 2002, found by clear and convincing evidence that all three children were deprived in that they were without the proper parental care, control, and supervision necessary for their physical, mental, and emotional health and morals. DFACS then took the children into custody.
On February 15, 2002, the juvenile court ordered that L.F. participate in parenting skills classes, anger management classes, and literacy training. The court also ruled that L.F. was not entitled to visitation with the children until further order of the court. In April 2002, the juvenile court ordered that L.F. could begin visitation with the children since she had participated in parenting classes and had begun literacy training. Three months later, DFACS moved to have the deprivation finding extended for one year. In August 2002, the juvenile court found that the children continued to be deprived. The court also found that L.F. failed to complete her literacy training, that both parents were unable to read, and that neither parent was able to care for the children.
In February 2003, L.F. filed a request for a hearing on her case plan and on her desire to seek a specific plan for reunification. In that motion, L.F. complained that she had not received a case plan after the initial finding of deprivation for over two years, until January 2003. The case plan required that L.F. obtain stable housing and income, maintain contact with the children and with DFACS, enroll and participate in literacy training and anger management classes, and seek the advice of a physician concerning her terminal illness.
On March 14, 2003, L.F. filed a request for a hearing on a proposed revised case plan and moved for a finding by the court that the children were no longer deprived. At the hearing, only L.F. and the children's father testified. The evidence presented showed that L.F. had maintained contact with the children, completed her anger management classes, and participated in a literacy program, and was still actively participating at the time of the hearing. L.F. had attempted to contact DFACS on several occasions. She had also seen a physician for regular checkups for her terminal illness. At the hearing, L.F. explained that if the children were returned to her, she would color-code their medications to prevent giving one of the children the wrong medicine.
The juvenile court found that the children continued to be deprived, and awarded custody of the children to the father. The court based its finding partly on the fact that L.F. could only read at a kindergarten level. However, the case plan only required that L.F. enroll and participate in literacy training. There was no requirement that L.F. reach a certain milestone in her training. The juvenile court also found that L.F. did not have a stable home based on evidence presented to the court at a prior hearing that L.F.'s father and brother also resided in the home L.F. shared with her mother. The juvenile court reasoned that because there was a conflict in the testimony as to who resided in the home, L.F. failed to demonstrate that she could provide adequate housing for herself and the children. However, no evidence showed why the presence of these two additional family members would render L.F.'s mother's home inadequate for the children. Indeed, the only evidence presented concerning the home would support a finding that it was suitable for the children. Finally, the court found that L.F.'s income was inadequate to care for the children in that she received only $552 per month in Supplemental Security Income benefits. However, there was no evidence that the living expenses for L.F. and the children would exceed this amount.
Based on the evidence presented at the hearing, the mother substantially complied with the goals of the case plan. Moreover, *783 there was no evidence of continued deprivation presented to reach the clear and convincing threshold. If such evidence existed, it was not presented to the juvenile court and to this Court on appeal. Accordingly, we hold that the juvenile court erred in finding that the children continued to be deprived. Cf. In the Interest of J.M., 256 Ga.App. 745, 748, 569 S.E.2d 628 (2002). We do not address any custody issues, as such are not before this Court. We simply reverse the judgment and remand the case for proceedings not inconsistent with this opinion.
Case No. A03A2376
2. On May 22, 2003, DFACS filed a deprivation complaint on the ground that the father had allowed the children to stay with L.F. The trial court dismissed the petition but ordered that L.F. would only be allowed visitation with the children in the presence of another adult. Under OCGA § 15-11-54(a), "[a]fter hearing the evidence on any petition alleging deprivation, the court shall make and file its findings as to whether the child is a deprived child. If the court finds that the child is not a deprived child, it shall dismiss the petition and order the child discharged from any detention or other restriction theretofore ordered in the proceeding." Since the children were not found to be deprived, the court, in dismissing DFACS's deprivation complaint in this action, was without authority to impose restrictions on visitation. See In the Interest of P.E.M. III, 196 Ga.App. 34, 395 S.E.2d 359 (1990). We therefore reverse the portion of the judgment imposing the visitation restrictions, and affirm the remainder of the judgment.
3. Our holding in Division 1 renders moot the enumeration remaining in Case No. A03A2377, and renders moot Case No. A04A0094.
Judgment reversed and case remanded in Case No. A03A2377. Judgment affirmed in part and reversed in part in Case No. A03A2376. Appeal dismissed as moot in Case No. A04A0094.
SMITH, C.J., and RUFFIN, P.J., concur.