603 S.E.2d 454 (2004)
269 Ga. App. 101
In the Interest of W.P.B., a child (Two Cases).
Nos. A04A1955, A04A1956.
Court of Appeals of Georgia.
July 28, 2004.
Reconsideration Denied August 12, 2004.
*455 Brett Turner, Turner & Willis, P.C., Gainesville, for Appellant.
Thurbert Baker, Attorney General, Shalen Nelson, Assistant Attorney General, William Joy, Senior Assistant Attorney General, John Cheeley, Cheeley & Joyner, LLC, Duluth, for Appellee.
ELDRIDGE, Judge.
The Department of Family and Children Services ("DFACS") filed a "petition for temporary custody (deprivation)" on October 24, 2003, in the Juvenile Court of Union County. The case was assigned case number 144-03J-171 A in juvenile court. On April 1, 2004, nunc pro tunc to January 30, 2004, the juvenile court entered an order finding the child was not deprived as defined in OCGA § 15-11-2(8)(A) as long as the parents strictly complied with the provisions of the order. On March 8, 2004, DFACS filed a second "petition for temporary custody (deprivation)" in the Juvenile Court of Union County involving the same parties and facts as the October 24, 2003 petition. This case was assigned case number 144-04J-50 A. The petition alleged that the child was in DFACS' custody pursuant to a March 3, 2004 72-hour hearing order. In this case no written order on the deprivation petition appears in the record before this Court. The mother filed notice of appeals in both cases. Both notices of appeal state that the mother is appealing from a protective order entered on April 1, 2004. The notice of appeal in juvenile court case number 144-03J-171 A was docketed in this Court on June 8, 2004, and assigned Case No. A04A1955. The notice of appeal in juvenile court case number 144-04J-50 A was also docketed on June 8, 2004, and assigned Case No. A04A1956.
1. Even though the order appealed from in Case No. A04A1955 is captioned "72 HOUR HEARING AND PROTECTIVE ORDER," the court actually resolved the issue of deprivation. It found that "[t]he child is not deprived as defined in OCGA § 15-11-2(8) [(A)] so long as the parents strictly comply with the provisions of this Order." The final paragraph of the order provides, "The Department of Family and Children Services shall work with the Parents until March 12, 2004, at which time this [c]ourt will conduct a Court Review[.]" The juvenile court then listed a series of conditions with which the parents had to comply. It is from the imposition of these conditions that the mother appeals. Therefore, since the issue of deprivation of the child was decided, the order in Case No. A04A1955 is directly appealable and would not require an application for interlocutory appeal. See In the Interest of C.F., 266 Ga.App. 325, 596 S.E.2d 781 (2004); In the Interest of S.A.W., 228 Ga.App. 197, 199(1), 491 S.E.2d 441 (1997); In the Interest of P.E.M., 196 Ga. App. 34, 395 S.E.2d 359 (1990). See also Dawley v. Butts County DFACS, 148 Ga. App. 815(1), 253 S.E.2d 235 (1979); Sanchez v. Walker County DFACS, 235 Ga. 817, 221 S.E.2d 589 (1976).
2. Appellant has moved this Court to remand Case No. A04A1956 to the Juvenile Court of Union County because the notice of appeal was filed prematurely as no written order had been filed on the docket of the juvenile court. "[I]t is elementary that an oral order is not final nor appealable until and unless it is reduced to writing, signed by the judge, and filed with the clerk." (Punctuation and footnote omitted.) Smith v. State, 242 Ga.App. 459, 530 S.E.2d 223 (2000); OCGA § 5-6-31. Because the notice of appeal in Case No. A04A1956 is from unappealable oral order, we hereby dismiss that appeal. Appellant's motion to remand is, therefore, moot.
3. Even though Case Nos. A04A1955 and A04A1956 have different case numbers in the juvenile court, they are both appeals from orders dealing with the issue of deprivation of the same minor child. Pursuant to OCGA § 5-6-46, a notice of appeal, with payment of costs, serves as a supersedeas of the judgment appealed and deprives the trial court of jurisdiction over matters affecting such judgment. Williams v. Natalie *456 Townhouses etc., 182 Ga.App. 815-816(1), 357 S.E.2d 156 (1987). Once the trial court had a hearing on the issue of deprivation in Case No. A04A1955 (juvenile court case number 144-03J-171 A) and failed to issue a timely written order, appellant should have moved for the entry of a written order and asked for a stay in the matter to prevent such order from becoming moot due to the entry of an subsequent order on the same issues. Appellant did not do so. Now, prior to appellant filing her notice of appeal in Case No. A04A1955 (juvenile court case number 144-03J-171 A), a new petition was filed by DFACS, and the juvenile court moved forward and had a subsequent hearing on the merits of the child's deprivation (Case No. A04A1956; juvenile court case number 144-04J-50 A). A final verbal order was pronounced on April 1, 2004, and even though the juvenile court has not issued a written order, proposed final orders have been submitted by appellant and DFACS. If Case No. A04A1955 remains docketed and pending in this Court, the juvenile court would be without jurisdiction to enter a written order in Court of Appeals Case No. A04A1956 (juvenile court case number 144-04J-50A). Therefore, we remand Case No. A04A1955 to the Juvenile Court of Union County. Once a written order has been entered in Case No. A04A1956 (juvenile court case number 144-04J-50 A), the appellant will have 30 days from the entry of such order to file a notice of appeal in either action.
Appeal remanded in Case No. A04A1955. Appeal dismissed in Case No. A04A1956.
RUFFIN, P.J., and ADAMS, J., concur.