A07A0458. IN THE INTEREST OF V. D. S., a child.
(644 SE2d 422)

ANDREWS, Presiding Judge.

The mother of V. D. S., a child, appeals from the order of the Juvenile Court of Fulton County terminating her parental rights to the child. The sole basis for the mother's appeal is her claim that the termination petition brought by the Georgia Department of Human Resources (DHR) (acting through the Fulton County Department of Family and Children Services) was not endorsed by the court as

---

required by OCGA § 15-11-95 (b). For the following reasons, we find no error and affirm the order terminating parental rights to the child.

Under OCGA § 15-11-95 (b), "[t]he petition [to terminate parental rights] shall be made, verified, and endorsed by the court as provided in Article 1 of this chapter for a petition alleging deprivation." Article 1 of the chapter at issue provides in OCGA § 15-11-37 that "[a] petition alleging delinquency . . . of a child shall not be filed unless the court or a person authorized by the court has determined and endorsed upon the petition that the filing of the petition is in the best interest of the public and the child." Immediately prior to commencement of the March 6, 2006 hearing on the petition, the mother's attorney, on behalf of the absent mother whose whereabouts were unknown at the time, objected that the petition was not endorsed pursuant to the above Code sections. Stating it had endorsed the petition, the trial court overruled the objection, and proceeded with the hearing.

The record shows that on April 12, 2005, the termination petition was filed in the juvenile court. There is nothing in, upon, or accompanying the petition which shows that, before it was filed, the court or a person authorized by the court "endorsed" the petition by making a specific written determination that the petition is in the best interest of the public and the child. The endorsement requirement provides the juvenile court with "discretion as to the filing of petitions in that court," and is consistent with the "basic philosophy that [juvenile] matters shall be handled informally, if at all possible." (Citation, punctuation and emphasis omitted.) *Lane v. Jones*, 244 Ga. 17, 19 (257 SE2d 525) (1979). In keeping with this philosophy, we have found that the lack of a written endorsement specifically making this determination does not render the petition or subsequent proceedings thereon void where the purpose of the endorsement requirement "to assure that the court, or someone acting for the court, has made such a determination before proceedings are commenced . . ." has been substantially complied with or satisfied by implication. *J. G. B. v. State of Ga.*, 136 Ga. App. 75, 78-79 (220 SE2d 79) (1975); *In the Interest of M. D. S.*, 211 Ga. App. 706, 708 (440 SE2d 95) (1994), overruled on other grounds, *In the Interest of J. P.*, 267 Ga. 492, 493 (480 SE2d 8) (1997).

The record shows that, before the DHR's termination petition was filed on April 12, 2005, the juvenile court entered the following orders related to the petition: (1) an order dated November 24, 2003, finding that the child was deprived without parental care and control and granting temporary legal custody of the child to the DHR; (2) an order dated November 4, 2004, finding the child was still deprived without parental care and control and continuing temporary custody in the DHR; and (3) an order dated February 16, 2005, finding that

the child's mother had failed to work on a plan designed to reunite her with the child, and that the child had been in the temporary legal custody of the DHR for over 14 months with no indication that the conditions of deprivation will be alleviated in the future. We find that the juvenile court rulings related to and preceding the filing of the termination petition show that the court either substantially complied with or satisfied by implication the requirement that the court or a person authorized by the court has determined and endorsed upon the petition that the filing of the petition is in the best interest of the public and the child.

*Judgment affirmed. Ellington and Adams, JJ., concur in the judgment only.*

DECIDED MARCH 7, 2007 —
RECONSIDERATION DENIED MARCH 28, 2007 — 

*Nathan A. Hayes*, for appellant.
*Thurbert E. Baker, Attorney General, Shalen S. Nelson, Senior Assistant Attorney General, P. Brian Campbell, Assistant Attorney General*, for appellee.