# Court of Appeals
# of the State of Georgia

ATLANTA,  July 26, 2017

*The Court of Appeals hereby passes the following order:*

**A17D0472. IN THE INTEREST OF D. L. et al., CHILDREN.**

The parents of minor children D. L., Z. S., and M. S. filed an application for discretionary review, seeking to challenge the juvenile court's order finding the children dependent, scheduling a disposition hearing, ordering that the children remain in the parents' custody subject to a protective order, and requesting a guardian ad litem report. We dismissed the application as untimely. However, the parents have presented evidence in their motion for reconsideration showing that the application was timely filed. Accordingly, we GRANT the motion for reconsideration and VACATE our June 26, 2017 order dismissing the application, which is hereby REINSTATED.

Furthermore, it appears that the juvenile court's order is directly appealable. This case is a dependency proceeding – what used to be called "deprivation" under the old juvenile code. See OCGA § 15-11-2 (22). Although a domestic relations order or an order terminating parental rights is subject to the discretionary appeal procedures, a dependency or deprivation finding may be appealed directly. See OCGA § 5-6-35 (a) (2) & (12); *In the Interest of J. P.*, 267 Ga. 492, 493 (480 SE2d 8) (1997) (deprivation/dependency cases do not fall within the purview of OCGA § 5-6-35 (a) (2) and therefore are directly appealable); *In the Interest of W. P. B.*, 269 Ga. App. 101 (1) (603 SE2d 454) (2004). This includes interlocutory orders in dependency cases deciding temporary custody of children. See *In the Interest of S. J.*, 270 Ga. App. 598, 608 (1) (a) (607 SE2d 225) (2004) (interim order within a dependency/deprivation proceeding that decides temporary custody of the child is a "final order" within the meaning of OCGA § 5-6-34 (a) (1) and may be appealed

directly). The parents, therefore, were not required to file a discretionary application in this case.

We will grant an otherwise timely discretionary application if the lower court's order is subject to direct appeal. See OCGA § 5-6-35 (j). Accordingly, the parents' application is hereby GRANTED. The parents shall have ten days from the date of this order to file a notice of appeal with the juvenile court. If, however, they have already filed a notice of appeal, they need not file a second notice. The clerk of the juvenile court is DIRECTED to include a copy of this order in the record transmitted to the Court of Appeals.



*Court of Appeals of the State of Georgia*
    *Clerk's Office, Atlanta,  07/26/2017*
    *I certify that the above is a true extract from*
*the minutes of the Court of Appeals of Georgia.*
    *Witness my signature and the seal of said court*
*hereto affixed the day and year last above written.*

_____ *, Clerk.*