# Court of Appeals
# of the State of Georgia

ATLANTA,  February 19, 2019

*The Court of Appeals hereby passes the following order:*

**A19I0173.  IN THE INTEREST OF A. B., A CHILD (MOTHER).**

In October 2018, Keara Jones, the cousin of A. B., filed a dependency complaint in the Fulton County Juvenile Court.  The juvenile court subsequently found the minor child to be dependent and awarded Jones temporary legal custody of the minor child and set the case for an adjudication hearing.  At the adjudication hearing, A. B.'s mother was present and moved to dismiss the private dependency complaint.  The juvenile court denied the motion to dismiss and certified its decision for immediate review.  The mother then filed this timely application for interlocutory appeal.

It appears that the juvenile court's order is directly appealable.  This case is a dependency proceeding – what used to be called "deprivation" under the old juvenile code.  See OCGA § 15-11-2 (22).  Although a domestic relations order or an order terminating parental rights is subject to the discretionary appeal procedures, a dependency or deprivation finding may be appealed directly.  See OCGA § 5-6-35 (a) (2) & (12); *In the Interest of J. P.*, 267 Ga. 492, 493 (480 SE2d 8) (1997) (deprivation/dependency cases do not fall within the purview of OCGA § 5-6-35 (a) (2) and therefore are directly appealable).  This includes interlocutory orders in dependency cases deciding temporary custody of children.  See *In the Interest of S. J.*, 270 Ga. App. 598, 608 (1) (a) (607 SE2d 225) (2004) (interim order within a dependency/deprivation proceeding that decides temporary custody of the child is a "final order" within the meaning of OCGA § 5-6-34 (a) (1) and may be appealed directly); see also *In the Interest of W. P. B.*, 269 Ga. App. 101, 101 (1) (603 SE2d 454) (2004) (interim order finding child was not deprived but imposing conditions

on the parents was directly appealable).  The mother, therefore, was not required to file an interlocutory application in this case.

"This Court will grant a timely application for interlocutory review if the order complained of is subject to direct appeal and the applicants have not otherwise filed a notice of appeal." *Spivey v. Hembree*, 268 Ga. App. 485, 486 n. 1 (602 SE2d 246) (2004).  Accordingly, the mother's interlocutory application is hereby GRANTED.  The mother shall have ten days from the date of this order to file a notice of appeal in the juvenile court.  If, however, the mother has already filed a notice of appeal from the order at issue, she need not file a second notice.  The clerk of the juvenile court is DIRECTED to include a copy of this order in the record transmitted to this Court.



*Court of Appeals of the State of Georgia*
  *Clerk's Office, Atlanta,   02/19/2019*
  *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*
  *Witness my signature and the seal of said court hereto affixed the day and year last above written.*


_____ , *Clerk.*