# Court of Appeals
# of the State of Georgia

ATLANTA, <u>  September 15, 2025  </u>

*The Court of Appeals hereby passes the following order:*

**A26D0061. IN THE INTEREST OF R. C., A CHILD (MOTHER).**

This case began when Sheena Estiverne filed a petition in juvenile court alleging that minor child R. C. is dependent. Following an evidentiary hearing, the juvenile court concluded that R. C. is not dependent and dismissed Estiverne's petition on that basis on April 10, 2025. On May 8, 2025, Estiverne filed a timely motion for a new trial, arguing, among other things, that the trial court's ruling was contrary to the evidence. See OCGA § 5-5-40 (a). In a single order entered on July 29, 2025, the trial court dismissed the motion for a new trial and ordered Estiverne to pay a total of $2,777.50 in attorney fees. On August 26, 2025, Estiverne filed this timely application for discretionary review, seeking to appeal the July 29 order. See OCGA § 5-6-35 (d). No discretionary application is required, however, as dependency cases are not domestic relations cases subject to the OCGA § 5-6-35 (a) (2) discretionary review procedure, and a right of direct appeal lies from final orders in such cases. *In the Interest of J. P.*, 267 Ga. 492, 492-493 (480 SE2d 8) (1997);[1] see *In the Interest of E. G. M.*, 341 Ga. App. 33, 34, n. 6 (798 SE2d 639) (2017), rev'd in part on other grounds, *In the Interest of I. L. M.*, 304 Ga. 114 (816 SE2d 620) (2018). Moreover, all rulings within the order sought to be appealed and any other non-final rulings entered

---

[1] The term "dependency" in the current juvenile code — which became effective on January 1, 2014 — generally is analogous to the term "deprivation" under the prior code, as that term is used in *In the Interest of J. P.*, 267 Ga. 492. See Ga. L. 2013, p. 294, § 5-1; OCGA § 15-11-2 (22); *In the Interest of J. A. B.*, 336 Ga. App. 367, 368, n. 2 (785 SE2d 43) (2016).

in the case may also be raised as part of such a direct appeal. See OCGA § 5-6-34 (d); *Southeast Ceramics v. Klem*, 246 Ga. 294, 295 (1) (271 SE2d 199) (1980).

Under OCGA § 5-6-35 (j), this Court will grant a timely application for discretionary review if the lower court's order is subject to direct appeal. See *City of Rincon v. Couch*, 272 Ga. App. 411, 412 (612 SE2d 596) (2005). Accordingly, this application is hereby GRANTED. Estiverne shall have ten days from the date of this order to file a notice of appeal in the juvenile court. See OCGA § 5-6-35 (g). If Estiverne has already filed a notice of appeal in the juvenile court, then she need not file a second notice. The clerk of the juvenile court is DIRECTED to include a copy of this order in the record transmitted to the Court of Appeals.

In their appellate briefs, the parties are DIRECTED to address — in addition to any other juvenile court rulings they seek to challenge — whether OCGA § 15-11-32 (b) bars a juvenile court from entertaining a motion for a new trial after it dismisses a dependency petition based on a finding that the child at issue is not dependent following an evidentiary hearing.



*Court of Appeals of the State of Georgia*
  *Clerk's Office, Atlanta,*  09/15/2025

> *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

> *Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____, *Clerk.*