526 S.E.2d 76 (1999)
241 Ga. App. 249
In the Interest of M.B.B., a child.
No. A99A1574.
Court of Appeals of Georgia.
November 19, 1999.
Reconsideration Denied December 3, 1999.
Certiorari Denied May 1, 2000.
Macklyn A. Smith, Lawrenceville, for appellant.
L. Stanford Cox III, Atlanta, for appellee.
BARNES, Judge.
Brenda Brown, former temporary guardian of M.B.B., appeals the trial court's order terminating the parental rights of the child's natural mother and also appeals the termination of her temporary guardianship of M.B.B. This appeal arises from petitions filed by M.B.B.'s paternal grandfather seeking custody of M.B.B., asking that she be found to be deprived, terminating the natural mother's parental rights, and dissolving Brown's temporary guardianship. Although these petitions were filed in different courts, they were consolidated for disposition by the Walton County Juvenile Court.
After conducting hearings, the juvenile court terminated the mother's parental rights and Brown's temporary guardianship. The court, however, held in abeyance a final disposition of the custody of the child.
Even though the order terminating the natural mother's parental rights finds that the mother had not been heard from for eight years, Brown contends the court erred by finding that the natural mother had abandoned M.B.B. She also contends the court *77 erred by terminating Brown's temporary guardianship because of the loss of the mother's parental rights.
1. Our first consideration is whether we have jurisdiction to consider this appeal. Atlantic-Canadian Corp. v. Hammer, Siler &c. Assoc., 167 Ga.App. 257(1), 306 S.E.2d 22 (1983). We are presented with two jurisdictional issues: (a) whether Brown has standing to appeal the termination of the natural mother's parental rights, and (b) whether we have jurisdiction to consider the termination of Brown's guardianship because the trial court's order held in abeyance appointing a successor guardian.
(a) As a general rule, one who is not aggrieved by the judgment of the trial court is without legal right to contest the ruling on appeal because she has no just cause of complaint. Morgan v. Miller, 191 Ga.App. 803, 804, 383 S.E.2d 183 (1989). Here, even though Brown had some interest in whether the natural mother's parental rights were terminated, she was not a proper party to the termination proceedings. Gates v. Rutledge, 151 Ga.App. 844, 261 S.E.2d 757 (1979). "It is well-settled that a person may only challenge a ruling which has adversely affected his or her own rights." (Citations and punctuation omitted.) Stevens v. State, 215 Ga.App. 718, 720(2), 452 S.E.2d 176 (1994). As shown by the petition to terminate and the order terminating the natural mother's parental rights, the issues concerned only the rights and conduct of the natural mother. Accordingly, because Brown is not a proper party and had no standing to bring this appeal, we have no jurisdiction to consider Brown's appeal of the order terminating the natural mother's parental rights.
Additionally, M.B.B. was represented during these proceedings by a guardian ad litem, who had authority to bring an appeal on M.B.B.'s behalf and did not. Therefore, a proper party was available to contest this ruling for the child, but elected not to do so. Miller v. Rieser, 213 Ga.App. 683, 690(2), 446 S.E.2d 233 (1994).
(b) Although Brown would have had standing and would be a proper party to appeal the trial court's order terminating her temporary guardianship if the trial court had issued a final order, we find that the order Brown seeks to appeal is not a final order. See OCGA § 5-6-34(a)(1); R.J. Reynolds Tobacco Co. v. Fischer, 207 Ga.App. 292, 293(1), 427 S.E.2d 810 (1993) (a judgment is final within the meaning of OCGA § 5-6-34(a)(1) if no issues remain to be resolved, it is a final ruling on the merits of the action, and the parties have no further recourse in the trial court).
Here, the grandfather's petition to terminate Brown's temporary guardianship also sought his appointment as M.B.B.'s guardian, but the trial court did not resolve that issue. The order states: "Therefore, the Temporary Letters of Guardianship over the person of [M.B.B.] designating Brenda Brown as guardian is hereby dissolved and further action by this Court must be taken in the best interest of the minor child." The issue of who shall be appointed the child's guardian is yet to be resolved, and it is possible that Brown could be appointed guardian. The trial court recognized that this was an interlocutory ruling because it issued a certificate of immediate review. Further, the trial court's comments showed that the court contemplated that the parties might take an appeal on this issue even while the issue of the guardian's appointment remained to be decided. During this hearing the trial court stated, "Now we will look for the best interest and welfare of the child. And that will allow [Brown] to be considered in this particular case. She has been the physical custodian for this child for a period of eight years."
2. Although the trial court issued a certificate of immediate review, Brown did not follow the interlocutory appeals procedure. See OCGA § 5-6-34(b). Therefore, this appeal must be dismissed. Eckland v. Hale & Eckland, P.C., 231 Ga.App. 278, 279(1), 498 S.E.2d 358 (1998).
Appeal dismissed.
BLACKBURN, P.J., and ELLINGTON, J., concur.