592 S.E.2d 177 (2003)
264 Ga. App. 705
In the Interest of A.W. et al., children.
No. A03A2425.
Court of Appeals of Georgia.
December 15, 2003.
*178 Ann K. Miller, Stockbridge, for appellant.
Thurbert E. Baker, Attorney General, William C. Joy, Senior Assistant Attorney General, Shalen S. Nelson, Laura W. Hyman, Assistant Attorneys General, for appellee.
BLACKBURN, Presiding Judge.
Following the termination of her parental rights, appellant, mother of the minor children A.W. and X.W., appeals, contending that: (1) there was not sufficient evidence showing a likelihood of future deprivation to authorize termination; (2) the Department of Human Resources did not make sufficient efforts to reunify her with her children; and (3) the trial court erred in basing its termination order on an erroneous recommendation of the guardian ad litem. For the reasons set forth below, we vacate and remand the case to the trial court with direction.
"(T)here is no judicial determination which has more drastic significance than that of permanently severing a natural parent-child relationship." In the Interest of M.M.[1] "It is done based only on clear and convincing evidence." In the Interest of J.L.Y.[2] "In reviewing a decision terminating parental rights, we view the evidence in the light most *179 favorable to the factfinder's judgment to decide whether any rational trier of fact could have found clear and convincing evidence that the natural parent's rights to custody have been lost." In the Interest of M.E.S.[3]
"Parental misconduct or inability is demonstrated by showing that the criteria listed in OCGA § 15-11-94(b)(4)(A) have been met." M.E.S., supra at 138(2), 587 S.E.2d 282. Those criteria are: (i) that the child is deprived; (ii) that lack of parental care or control is the cause of the child's deprivation; (iii) that the cause of the deprivation is likely to continue or unlikely to be remedied; and (iv) that the continued deprivation will cause or is likely to cause serious physical, mental, emotional, or moral harm to the child. OCGA § 15-11-94(b)(4)(A). In determining whether the child is without proper parental care and control, the court must consider "[a] medically verifiable deficiency of the parent's physical, mental, or emotional health of such duration or nature as to render the parent unable to provide adequately for the physical, mental, emotional, or moral condition and needs of the child." OCGA § 15-11-94(b)(4)(B)(i).
1. The mother contends that there was not sufficient evidence showing a likelihood of future deprivation to authorize termination of her parental rights. We disagree.
The trial court may consider a parent's past conduct in determining whether the conditions of deprivation are likely to continue. In the Interest of A.M.B.[4] A disability that renders a parent incapable of caring for the child is a valid legal basis for termination. In the Interest of B.J.H.;[5]Jones v. Dept. of Human Resources.[6] A parent's inability to remedy the cause of the deprivation is a good predictor that the deprivation will continue into the future. In the Interest of A.W.[7]
There was ample evidence presented to show that the mother's medical condition prevents her from adequately caring for her children. The record shows that the mother has cerebral palsy and suffers from epileptic seizures and from grand mal seizures. Although the mother takes medication for these conditions, the medication does not control the seizures. The mother is unable to drive and is unable to pick up her children due to her medical condition. She was unable to complete the parenting class required by her case plan due to her seizures.
The psychologist who examined the mother testified that she has moderate mental retardation and functions at a second to third grade level intellectually. The psychologist concluded that "[i]t would be exceptionally difficult for [the mother] to effectively raise her children alone" and stated that the mother would need a co-parent if the children were returned to her. The mother testified that she could not care for her children due to her seizures and that she did not know if her seizures would end.
The evidence concerning the mother's medical condition and the continuing nature of her seizures was sufficient to support the trial court's conclusion that "the conditions and causes of the deprivation are likely to continue and will not be remedied."
2. The mother contends that the Department of Human Resources did not make reasonable efforts to reunify her with her children as required by OCGA § 15-11-58(a). This enumeration of error is controlled by OCGA § 15-11-58 which states:
When reviewing the determination by the Division of Family and Children Services of the Department of Human Resources that a reunification plan is not appropriate, the court shall determine by clear and convincing evidence whether reasonable efforts to reunify a child with his or her family will be detrimental to the child and *180 that reunification services, therefore, should not be provided or should be terminated. There shall be a presumption that reunification services should not be provided if the court finds by clear and convincing evidence that: ... (3) Any of the grounds for terminating parental rights exist, as set forth in subsection (b) of Code Section 15-11-94.
OCGA § 15-11-58(h). The grounds for termination of parental rights include, inter alia, a medically verifiable health deficiency which prevents the parent from adequately providing for the children's needs. OCGA § 15-11-94(b)(4)(B)(i). "Because the juvenile court found that the mother suffered from such a medically verifiable health deficiency, there is a presumption that reunification services not be provided." In the Interest of D.L.W.[8]
In this case, the trial court found "there is clear and convincing evidence of a medically verifiable condition creating the inability to properly parent the children on the part of the mother." This finding created a presumption that reunification services not be provided. See D.L.W., supra. The mother has not rebutted the presumption. We find no error in the efforts made to reunify the mother with her children.
3. The mother also contends that the trial court's order terminating her parental rights must be reversed because the order contains a misstatement of the guardian ad litem's recommendation concerning her parental rights. The guardian ad litem recommended that the parental rights of the children's fathers be terminated but recommended that the mother's parental rights not be terminated. The trial court's order stated that the guardian ad litem "recommended that the parental rights of the mother and the fathers be terminated as it is in the best interests of the minor children."
"A party seeking a reversal must show not only error, but injury arising from the error alleged." In the Interest of D.S.R.[9] A misstatement in a finding of fact is not reversible error unless the appellant can show that the misstatement was harmful. Id. The trial court's order terminating the mother's parental rights contained 28 findings of fact. The finding regarding the recommendation of the guardian ad litem is the only finding of fact challenged by the mother. The recommendations of the guardian ad litem, while only one factor, may be sufficient to influence the trial court's final ruling. Here, we do not know if the trial court based its ruling on this mistake in fact, or if this was simply a typographical error. Given the importance of the issue involved here, we must let the trial court address this fact. We therefore vacate the trial court's order and remand the case to the trial court for a review of its order and its reissuance, consistent with its findings based on the facts of this case. The mother is authorized to appeal from the new ruling within 30 days thereof.
Judgment vacated and case remanded with direction.
ELLINGTON and PHIPPS, JJ., concur.
NOTES
[1] In the Interest of M.M., 263 Ga.App. 353, 359(1), 587 S.E.2d 825 (2003).
[2] In the Interest of J.L.Y., 184 Ga.App. 254, 255(1), 361 S.E.2d 246 (1987).
[3] In the Interest of M.E.S., 263 Ga.App. 132, 587 S.E.2d 282 (2003).
[4] In the Interest of A.M.B., 219 Ga.App. 133, 134, 464 S.E.2d 253 (1995).
[5] In the Interest of B.J.H., 194 Ga.App. 282, 283(2), 390 S.E.2d 427 (1990).
[6] Jones v. Dept. of Human Resources, 155 Ga. App. 371, 271 S.E.2d 27 (1980).
[7] In the Interest of A.W., 231 Ga.App. 770, 773-774, 501 S.E.2d 22 (1998).
[8] In the Interest of D.L.W., 264 Ga.App. 168, 170-171, 590 S.E.2d 183 (2003).
[9] In the Interest of D.S.R., 246 Ga.App. 426, 427(2), 541 S.E.2d 61 (2000).