### A11A0147. IN THE INTEREST OF A. R. et al., children.
(711 SE2d 402)

MIKELL, Judge.

In this guardianship case, A. R. and C. R., minor children of Falanda Glover, appeal from the juvenile court's order terminating the temporary guardianship of their paternal grandmother, Margaret Pulliam, and returning their custody to Glover, contending that the trial court erred in failing to make findings of fact.[1]

---

[1] Neither Glover nor Pulliam has appealed. Nonetheless, this appeal is properly before us.

Following a finding that A. R. and C. R. were deprived based on the incarceration of Glover, Margaret Pulliam filed a petition for letters of temporary guardianship. Glover filed no objection to the petition, and the trial court granted guardianship of A. R. and C. R. to Pulliam on January 31, 2008. Following Glover's filing of motions to terminate the guardianship, a final hearing was held on March 11, 2010, and the trial court entered its order granting the motion to terminate on March 15, 2010.

Pursuant to OCGA § 9-11-52 (a), "in all nonjury trials in courts of record, the court shall upon request of any party made prior to such ruling, find the facts specially and shall state separately its conclusions of law." Written findings of fact and conclusions of law are required to be made by the trial court in contested child custody cases.[2] Guardianship has been equated with custody,[3] thereby making this requirement applicable to termination of guardianship proceedings.

Therefore, the juvenile court is hereby directed to enter findings of fact and conclusions of law upon which its decision was based.

*Judgment reversed with direction. Smith, P. J., and Dillard, J., concur.*

### DECIDED JUNE 9, 2011.

*Nathan A. Hayes*, for appellant.
*Sidney A. Robbins, Reginald W. Williams*, for appellee.

---

*In the Interest of M. B. B.*, 241 Ga. App. 249, 250 (1) (a) (526 SE2d 76) (1999).

[2] E.g., *Coleman v. Coleman*, 238 Ga. 183, 184 (232 SE2d 57) (1977); *Motes v. Stanton*, 237 Ga. 440, 441 (228 SE2d 831) (1976); *Couch v. Couch*, 177 Ga. App. 773, 774 (341 SE2d 303) (1986).

[3] *Boddie v. Daniels*, 288 Ga. 143, 144-145 (702 SE2d 172) (2010); *Zinkhan v. Bruce*, 305 Ga. App. 510, 513 (1) (699 SE2d 833) (2010).