714 S.E.2d 399 (2011)
310 Ga. App. 807
In the Interest of J.F., a Child.
No. A11A0538.
Court of Appeals of Georgia.
July 13, 2011.
*400 Good & Lee, Darice Marie Good, Temika Williams-Murry, Karimah Boston, for appellant.
Thurbert E. Baker, Atty. Gen., Shalen S. Nelson, Sr. Asst. Atty. Gen., Jerry W. Thacker, for appellee.
BARNES, Presiding Judge.
The child advocate (hereinafter "appellant") of seven-year-old J.F. appeals from the trial court's order dismissing the deprivation complaint instituted by the DeKalb County Department of Family and Children Services ("DFACS").[1] The appellant contends that the trial court failed to apply the proper standard of evidence to the probable cause hearing. We do not agree and upon our review affirm the order of the juvenile court.
On appeal, this court defers to the juvenile court's factfinding. See In the Interest of R.N.R., 257 Ga.App. 93(1), 570 S.E.2d 388 (2002). We neither weigh the evidence nor assess witness credibility. Id. So viewed, the evidence shows that on February 5, 2010, DFACS received a referral for J.F. from the DeKalb County Police Department after the police were notified by J.F.'s doctor that the child was infected with chlamydia. Upon their investigation, police suspected that a maternal uncle living at the child's residence was the perpetrator. The uncle was arrested on the same day as the referral, and later deported. J.F. tested negative for chlamydia on February 24, 2010, but a third test on April 8, 2010 was positive. On April 13, 2010 the DeKalb County Police Department filed a Complaint for Deprivation as to J. F., and the child was taken into DFACS's custody. A detention hearing on the deprivation complaint was scheduled for April 16 and continued *401 until April 26, 2010, at which time DFACS moved to dismiss the claim because the mother and stepfather had tested negative for chlamydia and were cooperating with authorities. The court subsequently dismissed the complaint, and issued its order on May 10, 2010, finding, in part, that "there was no threat to the child in the home."
The guardian ad litem filed an Emergency Motion for Reconsideration on the same day and filed a new complaint for deprivation with the same allegations. On April 27, 2010, the trial court held an emergency hearing on the motion to reconsider and the new deprivation complaint. The notice of appeal was filed May 13, 2010 as to the May 10 order, and the trial court subsequently denied the motion for reconsideration and dismissed the second complaint in an order filed on June 2, 2010. However, the juvenile court was divested of jurisdiction to rule on the motion for reconsideration upon filing of the notice of appeal. State v. White, 282 Ga. 859, 860(1), 655 S.E.2d 575 (2008). Thus, the June 2 order is ineffective and cannot be considered on appeal.
1. Contrary to appellee's contention, even though the juvenile court held a hearing on the motion for reconsideration and the second complaint, and issued a subsequent order pursuant to that hearing, the May 10 order dismissing the original complaint was a final order and thus, directly appealable pursuant to OCGA § 5-6-34(a)(1). See In the Interest of J.P., 267 Ga. 492, 480 S.E.2d 8 (1997); In the Interest of C.F., 266 Ga.App. 325, 326, 596 S.E.2d 781 (2004).
2. The appellant contends that the juvenile court failed to apply the proper standard of evidence at the detention hearing. She argues that the trial court failed to determine whether "reasonable grounds exist[ed] to believe that the allegation in the complaint or petition [was] true." See Uniform Juvenile Court Rule 8.1 ("U.J.C.R.").[2] She maintains that, applied correctly, "if any evidence is presented in support of the complaint, then dismissal would only be warranted if evidence of greater weight is presented in opposition to the complaint." We disagree.
As defined in OCGA § 15-11-2(8)(A), a deprived child is a child who "[i]s without proper parental care or control, subsistence, education as required by law, or other care or control necessary for the child's physical, mental, or emotional health or morals."
To authorize even a loss of temporary custody by a child's parents on the basis of deprivation, the deprivation must be shown to have resulted from unfitness on the part of the parent, that is, either intentional or unintentional misconduct resulting in the abuse or neglect of the child or by what is tantamount to physical or mental incapability to care for the child.
In the Interest of J.W., 271 Ga.App. 518, 518-519, 610 S.E.2d 144 (2005).
Thus, during the initial detention hearing, the juvenile court had to determine whether J.F. should be released or detained pending further court proceedings, and also whether reasonable grounds existed showing either the intentional or unintentional misconduct of the parents which resulted in abuse or neglect of J.F.U.J.C.R. 8. 1; see generally OCGA § 15-11-49(c)(3) and (e). At this early stage, the court need only find that there are reasonable grounds to believe the allegations in the complaint, not clear and convincing evidence as required in a later deprivation or termination hearing. Once the juvenile court determines that reasonable grounds do or do not exist, "[t]he function of the appellate court is limited to ascertaining whether there was some evidence to support the juvenile court's determination. Determinations of a juvenile court made on an exercise of discretion, if based upon evidence, will not be controlled by this court." (Citation and punctuation omitted.) In the Interest of K.S.K., 216 Ga.App. 257, 258(2), 454 S.E.2d 165 (1995). Moreover, "the burden of presenting such evidence lies with the [S]tate." (Citations omitted.) In *402 the Interest of S.P., 189 Ga.App. 829, 377 S.E.2d 911 (1989).[3]
Here, the deprivation complaint alleged that J.F. was deprived because the "child tested positive twice for Chlamydia (STD), [and] mom is non-supportive with forensic evaluations making appointments." At the hearing, DFACS requested that deprivation complaint be dismissed and indicated that they would continue to "provide ongoing services to the family." It presented evidence that the mother and stepfather had tested negative for chlamydia, and that J.F. and the other children had been recently tested, and DFACS was awaiting results. DFACS also said that contrary to the information in the complaint, the mother was cooperating, and had scheduled a forensic interview for J.F. for later in the week. A medical forensics evaluation revealed that J.F. had not been exposed to chlamydia through penetration, and there was no evidence of vaginal trauma, although there was no explanation for the second positive test. The case manager testified that DFACS did not believe that J.F. was in any immediate danger or harm within the home, and would continue with followup for the mother, including counseling and parent aide. At the time of the hearing, the only people living in the home with J.F. were her mother, stepfather, and three other children, and there was no evidence of interactions with anyone currently in the home that might have caused her harm.
Based on the evidence, the juvenile court acted within its discretion in finding that there were no reasonable grounds to find that J.F. was deprived per the allegations in the complaint, and thus, in dismissing the deprivation complaint.
Judgment affirmed.
ADAMS, J., concurs.
BLACKWELL, J., concurs in Division 1 and in the judgment.
NOTES
[1] When a court appoints a guardian ad litem to represent a minor, the minor is in effect made a party to the action and has standing through the guardian ad litem to appeal. See In the Interest of M.B.B., 241 Ga.App. 249, 250(1)(a), 526 S.E.2d 76 (1999) (although she elected not to do so, guardian ad litem had authority to bring appeal on behalf of child); Miller v. Rieser, 213 Ga.App. 683, 690, 446 S.E.2d 233 (1994).
[2] "The purposes of the detention hearing are to determine whether a child who has been taken into custody shall be released or detained pending further court proceedings, and if reasonable grounds exist to believe that the allegations in the complaint or petition are true." U.J.C.R. 8.1.
[3] Although these cases deal primarily with delinquency transfer, they are analogous in that a similar standard of proofreasonable grounds is applied.