717 S.E.2d 512 (2011)
311 Ga. App. 894
In the Interest of J.C.W. et al., children.
No. A11A1549.
Court of Appeals of Georgia.
October 7, 2011.
Brian Maurice Condon, for appellant.
Samuel S. Olens, Atty. Gen., Shalen S. Nelson, Sr. Asst. Atty. Gen., Elizabeth M. Williamson, Asst. Atty. Gen., Robert E. Hall, Wenona C. Belton, Janine M. Carson, for appellee.
McFADDEN, Judge.
Through their child advocate attorney, two-year-old twins Ja. C.W. and Ju. C.W. appeal the juvenile court's order that, pursuant to OCGA § 15-11-58(i), placed them in the custody of their uncle and aunt until their 18th birthdays. Because the juvenile court failed to set forth in its order a finding *513 required by that Code section, we vacate the order and remand the case for proceedings not inconsistent with this opinion.
OCGA § 15-11-58(i) authorizes the juvenile court to enter a long-term custody order for a child in the temporary custody of the Division of Family and Children Services of the Department of Human Services (DFCS). It provides, in pertinent part:
If the court has entered an order finding that reasonable efforts to reunify a child with his or her family would be detrimental to the child in accordance with subsection (h) of this Code section and if the court finds that referral for termination of parental rights and adoption is not in the best interest of the child, the court may, upon proper petition, enter a custody order which shall remain in effect until the child's eighteenth birthday[.]
(Emphasis supplied.) OCGA § 15-11-58(i)(1). The requirement that the court make a finding regarding referral for termination of parental rights and adoption, in addition to a finding regarding reunification, was added to this Code section when it was amended and rewritten in 2003. See Ga. L. 2003, pp. 16, 17-23, § 3.
The juvenile court entered an order granting DFCS's petition for nonreunification, pursuant to OCGA § 15-11-58(h), and it referred to this nonreunification order in its order awarding long-term custody of the twins to their uncle and aunt. But nowhere in either the nonreunification order or the custody order did the juvenile court make any finding that referral for termination of parental rights and adoption was not in the twins' best interest, as required for an award of long-term custody under OCGA § 15-11-58(i). We are not persuaded by the argument of DFCS and the twins' mother that such a finding should be implied in the juvenile court's order, given that the legislature added the requirement that such a finding be made, in addition to a finding on reunification, when it amended OCGA § 15-11-58(i) in 2003. See generally Inland Paperboard, etc. v. Ga. Dept. of Revenue, 274 Ga.App. 101, 104, 616 S.E.2d 873 (2005) (when a statute is amended, it may be presumed from the addition of words that the legislature intended some change in the existing law).
Because we cannot discern from the juvenile court's order whether the court made the prerequisite finding for its custody ruling under OCGA § 15-11-58(i), we vacate the custody order and remand this case to the juvenile court for proceedings not inconsistent with this opinion. See generally In the Interest of T.S., 310 Ga.App. 100, 103(2), 712 S.E.2d 121 (2011) (vacating nonreunification order and remanding case to juvenile court because order did not contain sufficient findings to allow appellate court to determine that order was supported by clear and convincing evidence); In the Interest of A.W., 264 Ga.App. 705, 708(3), 592 S.E.2d 177 (2003) (vacating order and remanding case to juvenile court when it was unclear whether order was based on mistake of fact).
Judgment vacated and case remanded.
PHIPPS, P.J., and ANDREWS, J., concur.