723 S.E.2d 478 (2012)
314 Ga. App. 185
In the Interest of W.L.H., a child.
No. A11A2335.
Court of Appeals of Georgia.
February 16, 2012.
Lori Brudner Duff, for appellant.
Samuel S. Olens, Atty. Gen., Shalen S. Nelson, Sr. Asst. Atty. Gen., Calandra Almond Harps, Asst. Atty. Gen., Prior, Daniel & Wiltshire, Lee Richard Moss, Atlanta, for appellee.
ADAMS, Judge.
Following a juvenile court's finding that 12-year-old W.L.H. was deprived by the lack of care provided by his legal guardians, W.L.H. has appealed with the assistance of his court-appointed trial counsel. But neither his legal guardians nor his guardian ad litem have appealed. Among other things, the child contends the juvenile court erred by ruling that he was not a party to the proceedings below and, consequently, erred by denying him access to the proceedings. He has withdrawn his only enumeration of error attacking the merits of the juvenile court's decision.
As of August 2010, the child had been in the custody of his legal guardiansfirst cousin Marian "Kathy" Helsinger and her husband John Helsinger (referred to herein as the "parents")since he was about 17 months old. His natural father is deceased, and his natural mother's whereabouts were unknown when the Walton County Department of Family and Children Services (DFACS) filed a complaint alleging the child did not have proper care. On August 9, 2010, the juvenile court entered a shelter care order based on information that the child needed protection because Mrs. Helsinger admitted that she had struck the child and left bruises even though a safety plan (based on prior allegations of physical abuse) was in effect that prohibited physical discipline. On the same day, the court appointed a "Guardian Ad Litem/CASA"[1] for the child pursuant to OCGA § 15-11-9, and the guardian attended the 72-hour hearing on August 11. On August 16, DFACS filed a petition alleging deprivation based on physical abuse. On September 9, DFACS entered a case plan for the parents. On September 15, 2010, the *479 court appointed an attorney to represent the child as his counsel. The CASA submitted monthly recommendations on the matter in September and October, and the court set a hearing for October 21, 2010.
The court held the first day of the hearing on October 21 and a second session on November 29. On the first day, the child's counsel, the parents' counsel, and the court engaged in colloquy about whether the 12-year-old child should be considered a party to the proceedings and whether he had a right to be present for the proceedings. The court eventually decided that the child would remain out of the courtroom for all of the evidence. The court also ruled that he would hear what the child had to say in chambers and that the other parties could question the child in the presence of his attorney. The child's attorney objected to excluding the child from the proceedings but did not object to the in-chambers testimony. Just prior to the second day of the hearing, the child filed a motion to allow him access to the proceedings. In the motion, the child asserted that failure to allow him to be an active participant in the matter denied him his due process rights under the Georgia and Federal Constitutions. The court denied the motion and excluded the child from the second day of the hearing, as well.
We first consider, sua sponte, the child's standing to appeal. See St. John's Melkite Catholic Church v. Comm. of Revenue, 240 Ga. 733, 734, 242 S.E.2d 108 (1978) (appellate court may raise standing issue: sua sponte). It is established that a court-appointed guardian has standing to appeal on behalf of a represented child. In the Interest of J.F., 310 Ga.App. 807, 808, n. 1, 714 S.E.2d 399 (2011) ("When a court appoints a guardian ad litem to represent a minor, the minor is in effect made a party to the action and has standing through the guardian ad litem to appeal. [Cit.]"). We find no law, however, authorizing a minor to appeal a civil action on his own behalf without the benefit of a guardian or next friend.
In civil actions, a minor may not prosecute an action except by way of a representative, such as a guardian ad litem or next friend. Kesterson v. Jarrett, 307 Ga.App. 244, 249, n. 2, 704 S.E.2d 878 (2010); OCGA § 9-11-17(c).[2] "The purpose of a guardian ad litem or next friend is to furnish a person sui juris to carry on the litigation for the minor's benefit. [Cit.]" City of Dalton v. Cochran, 80 Ga.App. 252, 255, 55 S.E.2d 907 (1949).[3] Thus, although a minor may be a party, he is not competent to act on his own; the guardian ad litem or next friend acts for him.
The same holds true for appeals. With the exception of criminal and delinquency cases, we find no authority for an unemancipated minor in a deprivation action, even if represented by counsel, to appeal without the aid of a guardian or next friend. Cf. In the Interest of M.B.B., 241 Ga.App. 249, 250, 526 S.E.2d 76 (1999) (former temporary guardian of child lacked standing to appeal order terminating natural mother's parental rights; guardian ad litem was proper party and chose not to appeal); Miller v. Rieser, 213 Ga.App. 683, 690(2), 446 S.E.2d 233 (1994) (minor has standing through guardian ad litem to appeal ruling in custody action).
And here, the child has appealed despite the fact that his legal guardians have not appealed and his court-appointed guardian ad litem, duty bound to act on the child's best interests, has filed a brief actually opposing the child's appeal. See In the Interest of M.B.B., 241 Ga.App. at 250, 526 S.E.2d 76 ("[A] proper party was available to contest this ruling for the child, but elected not to do so."). Accordingly, we conclude the child *480 lacks standing to appeal without the aid of a guardian or next friend.
Appeal dismissed.
BARNES, P.J., and BLACKWELL, J., concur.
NOTES
[1] A "CASA" is a court-appointed special advocate. OCGA§ 15-11-9.1(a)(1).
[2] OCGA § 9-11-17(c) provides:

Whenever an infant or incompetent person has a representative, such as a general guardian, committee, conservator, or other like fiduciary, the representative may bring or defend an action on behalf of the infant or incompetent person. If an infant or incompetent person does not have a duly appointed representative, he may bring an action by his next friend or by a guardian ad litem. . .
[3] Black's defines "sui juris'' as "Of full age and capacity" or "Possessing full social and civil rights . . ." Black's Law Dictionary (9th ed. 2009).