S12G1049. IN THE INTEREST OF W. L. H., a child.
(739 SE2d 322)

MELTON, Justice.

In this case, we granted an application for certiorari from the Court of Appeals' decision in *In the Interest of W. L. H.,* 314 Ga. App. 185 (723 SE2d 478) (2012) to determine whether a child in a deprivation action has standing to appeal when the child is represented by counsel and the child's guardian ad litem chooses not to appeal. Because the guardian ad litem is the legal protector of a child's best interests in deprivation proceedings, we find that a child lacks standing to appeal a deprivation ruling except through a guardian ad litem.

As set forth by the Court of Appeals, the underlying facts in this case show that

> [a]s of August 2010, [W. L. H.] had been in the custody of his legal guardians — first cousin Marian "Kathy" Helsinger and her husband John Helsinger (referred to herein as the "parents") — since he was about 17 months old. His natural father is deceased, and his natural mother's whereabouts were unknown when the Walton County Department of Family and Children Services (DFACS) filed a complaint alleging the child did not have proper care. On August 9, 2010, the juvenile court entered a shelter care order based on information that the child needed protection because Mrs. Helsinger admitted that she had struck the child and left bruises even though a safety plan (based on prior allegations of physical abuse) was in effect that prohibited physical discipline. On the same day, the court appointed a "Guardian Ad Litem/CASA [Court Appointed Special Advocate]" for the child pursuant to OCGA § 15-11-9, and the guardian attended the 72-hour hearing on August 11. On August 16, DFACS filed a petition alleging deprivation based on physical abuse. On September 9, DFACS entered a case plan for the parents.

On September 15, 2010, the court appointed an attorney to represent the child as his counsel. The CASA submitted monthly recommendations on the matter in September and October, and the court set a hearing for October 21, 2010.

The court held the first day of the hearing on October 21 and a second session on November 29. On the first day, the child's counsel, the parents' counsel, and the court engaged in colloquy about whether the 12-year-old child should be considered a party to the proceedings and whether he had a right to be present for the proceedings. The court eventually decided that the child would remain out of the courtroom for all of the evidence. The court also ruled that [it] would hear what the child had to say in chambers and that the other parties could question the child in the presence of his attorney. The child's attorney objected to excluding the child from the proceedings but did not object to the in-chambers testimony. Just prior to the second day of the hearing, the child filed a motion to allow him access to the proceedings. In the motion, the child asserted that failure to allow him to be an active participant in the matter denied him his due process rights under the Georgia and Federal Constitutions. The court denied the motion and excluded the child from the second day of the hearing, as well.

(Footnote omitted.) Id. at 185-186.[1] Subsequently, the juvenile court found W. L. H. to be deprived, and he appealed to the Court of Appeals with the assistance of his court-appointed trial counsel. Neither W. L. H.'s legal guardians nor his guardian ad litem appealed the deprivation finding. On appeal, W. L. H. has not questioned the merits of the juvenile court's decision, only the trial court's handling of his due process rights.

In the matter now before this Court, W. L. H. contends that, despite his status as a child, the decision to appeal the trial court's finding of deprivation is his alone, irrespective of his guardian ad litem's determination of his best interests. As a result, W. L. H. argues that he has standing to bring the present appeal through his attorney. We disagree.

Georgia's Legislature has recognized that children, because they are of "tender years," are not generally competent to represent

---

[1] The juvenile court ensured that W. L. H. would be fully and fairly represented during the deprivation hearing by appointing a guardian ad litem to assess his best interests and an attorney to provide full legal representation.

themselves in legal actions or to decide their own best interests. That is why our laws explicitly provide for representation of children by adults in civil matters. For example, OCGA § 9-11-17 (c) states, as a general proposition:

> Whenever an infant or incompetent person has a represen-tative, such as a general guardian, committee, conservator, or other like fiduciary, the representative may bring or defend an action on behalf of the infant or incompetent person. If an infant or incompetent person does not have a duly appointed representative, he may bring an action by his next friend or by a guardian ad litem. The court shall appoint a guardian ad litem for an infant or incompetent person not otherwise represented in an action or shall make such other order as it deems proper for the protection of the infant or incompetent person. . . .

More specifically with regard to deprivation proceedings, OCGA § 15-11-9 (b) provides:

> The court at any stage of a proceeding under this article, on application of a party or on its own motion, shall appoint a guardian ad litem for a child who is a party to the proceeding if the child has no parent, guardian, or custodian appearing on the child's behalf or if the interests of the parent, guardian, or custodian appearing on the child's behalf conflict with the child's interests or in any other case in which the interests of the child require a guardian. A party to the proceeding or the employee or representative of a party to the proceeding shall not be appointed. In depriva-tion cases, a person appointed as a child's guardian ad litem must have received before the appointment training appro-priate to the role that is administered or approved by the Office of the Child Advocate and may be an attorney or court appointed special advocate, or both. . . .

Both of these provisions recognize that children, by their nature, are not the correct parties to determine what is in their own best interests in civil matters. For this determination, adult supervision is required.

The protector of a child's best interests is his guardian ad litem.[2] It has previously been held that, "[w]hen a court appoints a guardian ad litem to represent a minor, the minor is in effect made a party to the action and has standing *through the guardian ad litem* to appeal. [Cits.]" (Emphasis supplied.) *In the Interest of J. F.*, 310 Ga. App. 807, 808, n. 1 (714 SE2d 399) (2011). This is the appropriate result in a deprivation action, as this case exemplifies. Here, the trial court determined that the child was deprived. The child's legal guardians do not contest this result, and the child's guardian ad litem has opined that an appeal is not in the child's best interests. All of the adults who are legally entrusted with the child's best interests do not believe an appeal is necessary. It would be inappropriate, indeed unwise, to allow a child, especially one under the circumstances of deprivation, to override all other decisions regarding his best interests.

That, of course, is exactly the result that the dissent would allow under its scheme. Under the dissent's analysis, a child, from the moment he or she learns to speak, could mandate an appeal of a trial court's deprivation finding. This is a radical departure from the idea that a trial court may give weight to the opinions of teenagers 14 years or older in certain codified circumstances. See OCGA § 15-11-39 (b). Even in these circumstances, however, the trial court and the proceedings are not controlled by the teenager. Entertaining an appeal brought directly by a baby, rather than a guardian entrusted with the baby's best interests, would be highly misguided. No law cited in the dissent supports such a circumstance.

Instead, the dissent's rubric[3] is built on unpersuasive secondary sources and distinguishable law. For example, even the parties recognize that the law regarding criminal prosecutions of juveniles does *not* govern how deprivation proceedings are handled. In addition, it simply is not true that guardians in deprivation actions will never be subject to review. If it is believed that the guardian is acting improperly, a motion can be made for that guardian's removal. See, e.g., OCGA § 15-11-9.1 (j). This is fundamental. Furthermore, this case, itself, proves the fallacy of the dissent's position. W. L. H.'s legal

---

[2] A child's attorney, unlike a guardian ad litem, must attempt to maintain a normal client-lawyer relationship with the child, and the attorney must defer to the child's wishes regarding the ultimate objectives of representation. See Georgia Rules of Professional Conduct, Rules 1.2 and 1.14. A guardian ad litem, on the other hand, is bound to protect the best interests of the child, even in contravention of the child's personal desires. See also Formal Advisory Opinion 10-2 ("At the point that the attorney [who is also acting in the dual role of guardian ad litem] concludes that the child's wishes and best interests are in conflict, the attorney should petition the court for removal as the child's guardian.").

[3] The dissent's construct is legislative in nature. That role belongs to the General Assembly.

guardians and his guardian ad litem did not want to appeal the deprivation finding, partly because W. L. H. was receiving much-needed treatment in the State's care.

Accordingly, we affirm the Court of Appeals' ruling that W. L. H., acting through his attorney and against the wishes of his guardian ad litem, lacked standing to appeal the trial court's finding of deprivation.

*Judgment affirmed. Thompson, P. J., Benham, Hines, and Nahmias, JJ., concur. Hunstein, C. J., and Judge Doris L. Downs dissent. Blackwell, J., disqualified.*

HUNSTEIN, Chief Justice, dissenting.

In an opinion that disregards the child's express wishes, offers insufficient legal analysis, and fails to provide needed guidance for our juvenile courts, the majority opinion holds that a community volunteer serving as the guardian ad litem is the only person who can appeal on behalf of a child in a deprivation action, regardless of the child's age, the judgment of the child's attorney, or any other circumstances. The practical effect of the opinion is to vest an appointed community volunteer with sole unreviewable authority to determine whether to appeal the finding of deprivation, which resulted in a juvenile's loss of liberty. This holding is contrary to state statutes, case law, and best practices. The majority opinion fails to acknowledge differences that exist in child representation in the state and makes the role of the child's attorney in deprivation actions subservient to a lay guardian ad litem. Because the juvenile in this deprivation action was a party represented by legal counsel as provided for by state law, I would hold that the 12-year-old had standing to appeal the trial court's finding that he was deprived.

In August 2010, the Department of Human Resources through the Walton County Department of Family and Children Services filed a petition asserting that 12-year-old W. L. H. was a deprived child. A "deprived child" is defined, in part, as a child who is without proper parental care or control, subsistence, education, or other care necessary for the child's physical, mental, or emotional health. OCGA § 15-11-2 (8). The factual basis for the petition was that his legal guardian of ten years had "backhanded him in the mouth" in a store parking lot in violation of a safety plan that she signed ten months earlier agreeing to refrain from using physical discipline. The department removed W. L. H. from his home under OCGA § 15-11-45 (a) (4), which enables an officer of the court to take a child into custody when there are reasonable grounds to believe the child is in immediate danger and removal is necessary. He was originally placed in a group home in

Gwinnett County, but was removed in November 2010 after threatening harm to himself and others; the department then moved him to a child care institution in DeKalb County as a temporary measure.

The juvenile court appointed a court appointed special advocate (CASA) as the lay guardian ad litem and later appointed an attorney to represent W. L. H. as his legal counsel. During two days of the hearing, W. L. H. was generally excluded from the courtroom, despite his request to be present. In December 2010, the court found that the allegations of abuse did not rise to the level of deprivation. Nevertheless, the court found by clear and convincing evidence that the child was deprived on the ground that his guardians' lack of financial resources made them incapable of securing the residential treatment he needed. In February 2011, W. L. H. was admitted to an intensive residential treatment facility in Fulton County, described in his case plan report as a hospital/group home/institution, where he attended school and was allowed supervised visitation with his guardians for one hour per week. He was still residing in the facility in April 2011, nine months after his initial removal from his home, when he earned the privilege of unsupervised overnight visits to his home.

Through his attorney, W. L. H. appealed, alleging among other things that the trial court erred in ruling that he was not a party and violated his due process rights under the Georgia and Federal Constitutions by denying him access to the proceedings and failing to appoint his counsel until the trial. Without addressing the merits, the Court of Appeals dismissed the appeal on the ground that the child lacked standing without the aid of a guardian or next friend.

1. W. L. H. is a party entitled to legal counsel. "Georgia law broadly defines a 'party' to include one who is directly interested in the subject matter of the litigation [and] has the right to adduce testimony, to cross-examine witnesses, to control the proceedings, and to appeal from the judgment." *Wilkins v. Georgia Dept. of Human Resources*, 255 Ga. 230, 235 (3) (337 SE2d 20) (1985). As the individual with the most direct interest in the proceeding, the juvenile in this case is a party. See *McBurrough v. Dept. of Human Resources*, 150 Ga. App. 130 (2) (257 SE2d 35) (1979); see also OCGA § 15-11-9 (b) (court shall appoint a guardian ad litem for a child who is a party to the proceeding).

> Children's lives are turned upside down when they become involved in the child welfare system, especially when they are placed in foster care. They often lose control and predictability over many facets of their day to day lives. . . . [J]udges decide where the child will live[,] . . . go to school,

[and] when the child will see his parents, siblings, and extended family, along with many other decisions about the child's well being.[4]

Particularly here, where the juvenile court's finding of deprivation meant that W. L. H. was committed to an institution where his freedom was curtailed, there can be no serious contention that he was not a party. See *In the Interest of L. W.*, 276 Ga. App. 197 (3) (622 SE2d 860) (2005). As a party, he was entitled to introduce evidence, cross-examine adverse witnesses, and otherwise be heard on his own behalf. See OCGA § 15-11-7 (a); see also *Sanchez v. Walker County Dept. of Family and Children Svcs.*, 237 Ga. 406, 407 (229 SE2d 66) (1976) (Juvenile Code's procedural requirements apply "when a child is taken into custody or temporarily detained, regardless of whether it is for alleged delinquency, unruliness, or deprivation").

Moreover, W. L. H. was entitled to representation by an attorney in this action, as the juvenile court recognized. See *McBurrough*, 150 Ga. App. at 131; OCGA § 15-11-6 (b) (a "party is entitled to representation by legal counsel at all stages of any proceedings alleging . . . deprivation"). Our Juvenile Code extends this right to legal representation to a child who (1) is not represented by a parent, guardian, or custodian during the proceedings or (2) has a conflict of interest with that adult or any other party. See OCGA § 15-11-6 (b). This right extends to both parents and children at all stages of any deprivation proceeding. Council of Juvenile Court Judges of Georgia, *Benchbook*, ch. VI, § E notes. Interpreting similar language in the guardian-ad-litem statute related to juvenile proceedings, the Georgia Attorney General has concluded that there is an inherent conflict of interest in a deprivation proceeding between the child and the parent or caretaker when child abuse or neglect is alleged. See 1976 Op. Atty. Gen. 76-131 (II) (interpreting provision on the appointment of guardian ad litem now codified at OCGA § 15-11-9 (b)). Finding this reasoning persuasive, a federal district court concluded that OCGA § 15-11-6 (b) requires the appointment of separate counsel for the child in a deprivation action based on the inherent conflict of interest between the child and the parent or caretaker accused of abusing or neglecting the child. See *Kenny A. v. Perdue*, 356 FSupp.2d 1353 (II) (N.D. Ga. 2005). In this case, W. L. H. was entitled to legal counsel because he had a conflict with his guardians based on the allegations of abuse.

---

[4] Elizabeth Whitney Barnes, Andrea Koury & Kristin Kelly, National Court of Juvenile and Family Court Judges, *Seen, Heard, and Engaged: Children in Dependency Court Hearings*, Technical Assistance Bulletin 18 (2012).

2. The child's right to counsel in this case includes the right to seek review through the child's attorney of the juvenile court's finding of deprivation. See *In the Interest of G. K. J.*, 187 Ga. App. 443 (1) (370 SE2d 490) (1988) (as party to action to terminate his parents' parental rights, child has standing to appeal through his appointed attorney and guardian ad litem); *In the Interest of L. W.*, 276 Ga. App. at 201 (a party aggrieved by a judgment has the right to appeal). According to the Fulton County Office of the Child Attorney, which filed an amicus brief in this case, the Court of Appeals "routinely permits" that office's child clients to appeal adverse rulings in juvenile cases "without the aid of a guardian or next friend." See *In the Interest of J. C. W.*, 311 Ga. App. 894 (717 SE2d 512) (2011) (child's attorney filed appeal in deprivation action on behalf of two-year-old twins); *In the Interest of A. R.*, 309 Ga. App. 844 (711 SE2d 402) (2011) (child's attorney appealed order terminating temporary guardianship on behalf of two minor children in deprivation action). Neither the majority opinion nor the Court of Appeals' decision cites any cases to support the conclusion that the child's counsel in this case is excluded from bringing an appeal on the child's behalf.

3. Because W. L. H. is represented by legal counsel, the lay guardian ad litem in this case should not have the authority to limit the child's right to appeal the juvenile court's denial of his due process rights or finding of deprivation. Both the child's attorney and the guardian ad litem are charged with acting in the child's interests. See *In the Interest of A. P.*, 291 Ga. App. 690, 691 (1) (662 SE2d 739) (2008). The Georgia Rules of Professional Conduct provide that "the lawyer shall, as far as reasonably possible, maintain a normal client-lawyer relationship with the client" who is a minor or suffers from a diminished mental capacity. Ga. Rules of Professional Conduct 1.14. When the same person serves in a dual role as the attorney and guardian ad litem for the child and "an irreconcilable conflict" arises between the child's express wishes and the attorney's considered opinion of the child's best interests, we recently held that the attorney must withdraw from his or her role as the child's guardian ad litem. Formal Advisory Opinion No. 10-2 (2012) (applying to conflicts of interest in parental termination actions). This advisory opinion underscores the importance of the child's interests in juvenile proceedings and supports the right of W. L. H.'s attorney to represent his legal interests in this deprivation proceeding.

The statute requiring the appointment of a guardian ad litem provides:

> The court at any stage of a proceeding under this article . . . shall appoint a guardian ad litem for a child who

> is a party to the proceeding if the child has no parent, guardian, or custodian appearing on the child's behalf or if the interests of the parent, guardian, or custodian appearing on the child's behalf conflict with the child's interests or in any other case in which the interests of the child require a guardian. . . . In deprivation cases, a person appointed as a child's guardian ad litem . . . may be an attorney or court appointed special advocate, or both. . . .

OCGA § 15-11-9 (b); see also 42 USC § 5106a (b) (2) (B) (xiii) (in cases of child abuse or neglect, guardian ad litem must be appointed and may be an attorney or a court appointed special advocate or both). Although there is no further statutory guidance on the role of the guardian ad litem in deprivation proceedings, the benchbook for juvenile court judges recommends that the guardian ad litem serve as "both an advocate for the child and an investigator for the court." *Benchbook*, ch. XXIX § (C) (3) (b) (June 2000). The guardian ad litem "may be treated as a court's expert witness," state an opinion on the best interests of the child, and be cross-examined by the parties. Id., ch. XXXIV, p. 3 (rev. Jan. 2013).

Prior to appointing the attorney in this case, the juvenile court designated a court appointed special advocate or CASA as the guardian ad litem. The Juvenile Code defines a CASA as "a community volunteer who . . . [h]as been appointed as a lay guardian ad litem by the court in a juvenile court deprivation proceeding." OCGA § 15-11-9.1 (a) (1) (D). "The role of a CASA in juvenile court deprivation proceedings shall be to advocate for the best interests of the child." OCGA § 15-11-9.1 (c). In support of this role as the best-interest advocate, the CASA must conduct an independent assessment of the facts and circumstances surrounding the case, maintain regular contact with the child, submit written reports to the court regarding the child's best interests, and attend all court hearings to advocate for the child's best interests. OCGA § 15-11-9.1 (d).

The CASA is not the proper party to decide W. L. H.'s right to appeal because she did not, and could not, represent his legal interests by, for example, examining witnesses, making objections, and preserving issues for appeal. Our statute specifically states that the CASA, as a lay guardian ad litem, shall not be required to engage in the practice of law or obtain legal counsel for the child. OCGA § 15-11-9.1 (e).[5] Neither the statute nor case law suggests that a CASA should

---

[5] See also Steven C. Teske & Melissa Dorris Carter, *The Next Generation of Child Advocacy*, 13 Ga. B.J. 22, 27 (2007) ("the CASA cannot perform any legal function on behalf of a child").

direct the child's litigation or determine the child's right to appeal. Instead, the statute states that the CASA should collaborate with the child's attorney, if any. OCGA § 15-11-9.1 (d) (6). The juvenile judges' benchbook distinguishes between the courtroom participation of a dual-role guardian ad litem, who as an attorney may call witnesses, cross-examine them, and "object to whether the child should be required to testify," and the lay guardian ad litem, who does not have those rights. See *Benchbook*, ch. XXIX, § (C) (3) (d).[6] Allowing the CASA to decide when a child may appeal is contrary to the CASA's role and responsibilities as authorized in the Juvenile Code and as described in the juvenile judges' benchbook. Therefore, the CASA was without authority to control W. L. H.'s right to appeal in this case.

4. Our case law does not grant guardians ad litem exclusive authority to appeal on behalf of a child. In determining that W. L. H. lacked standing to appeal "except through a guardian ad litem," the majority fails to distinguish between the cases in which the guardian ad litem is an attorney serving a dual role as attorney and best-interest advocate and the cases in which the guardian ad litem is a CASA. The single case cited by the majority in support of its view that "the minor . . . has standing through the guardian ad litem to appeal" is a case from DeKalb County where the guardian ad litem served in a dual role as the child's attorney and best-interest advocate. See *In the Interest of J. F.*, 310 Ga. App. 807, 808, n. 1 (714 SE2d 399) (2011) (appeal filed by the "child advocate" of seven-year-old). Thus, that case does not support the majority's proposition that the child in this case, who has an attorney independent of his best-interest advocate, lacks standing to appeal.

Moreover, the two cases that the Court of Appeals cited for that proposition in the *J. F.* case also do not support the majority opinion's blanket rule that a child has standing to appeal *only* through a guardian ad litem. When viewed in context, it is clear that both cases granted standing to the guardian ad litem to appeal in order to expand the right of the child to obtain judicial review, not prevent it, as the Court of Appeals did here. The first case involved the standing of the child's temporary guardian to appeal the court's termination of the biological mother's parental rights; the Court of Appeals stated in dicta that a guardian ad litem had the authority to bring an appeal on the child's behalf in a termination action, not that the guardian ad litem had the *sole* authority. See *In the Interest of M. B. B.*, 241 Ga.

---

[6] The benchbook notes that national and state CASA organizations recommend that lay guardians ad litem have access to an attorney who can file legal motions, request a hearing, and examine witnesses. *Benchbook*, ch. XXIX, § (C) (3) (d).

App. 249 (1) (a) (526 SE2d 76) (1999). The second case involved a child custody dispute between the child's parents and custodial grandmother where the superior court appointed a guardian ad litem to represent the child's interests. See *Miller v. Rieser*, 213 Ga. App. 683 (2) (446 SE2d 233) (1994). In ruling that the minor had standing through the guardian ad litem to appeal, the court in *Miller* simply recognized the importance of representing the interests of the child, "who is the subject of the custody dispute and whose future is at stake." Id. at 690. For support, the *Miller* opinion cited *In the Interest of G. K. J.* where the juvenile court had appointed the same person to serve as the child's attorney and guardian ad litem under a state statute. The Court of Appeals in *G. K. J.* reasoned that under that statute "the child himself is, in effect, made a party to an action to terminate his parent's or parents' parental rights. Accordingly, [the child] has standing, *through his duly appointed attorney and guardian ad litem*, to bring this appeal." *In the Interest of G. K. J.*, 187 Ga. App. at 443 (emphasis supplied) (relying on OCGA § 15-11-85 (a), now codified at OCGA § 15-11-98 (a)). Rather than designating the guardian ad litem as the *only* suitable representative of a child's best interests, these cases instead support W. L. H.'s position that he is an interested party with standing to appeal through his attorney.

5. Granting sole authority to appeal to the guardian ad litem is problematic. This remedy disregards the child's wishes, is contrary to recommended standards, fails to recognize that some courts use only lay guardians ad litem, and insulates a guardian ad litem's expert opinion and decisions from appellate review.

First, by overriding the express wishes of children who have a primary interest in deprivation proceedings, our courts disregard state statutes and rules recognizing that the opinions of children must be given weight in legal proceedings. See, e.g., OCGA § 15-11-39 (b) (juvenile court shall direct summons to child "if he or she is 14 or more years of age or is alleged to be a delinquent or unruly child"); Ga. Rules of Professional Conduct 1.14 comment ("children as young as five or six years of age, and certainly those of ten or twelve, are regarded as having opinions that are entitled to weight in legal proceedings concerning their custody").

Second, denying the child standing to appeal his exclusion from the courtroom fails to recognize that it is usually in the child's best interest to permit his or her involvement. The ABA Model Act Governing the Representation of Children in Abuse, Neglect, and Dependency Proceedings states: "Each child who is the subject of an abuse and neglect proceeding has the right to attend and fully participate in all hearings related to his or her case." ABA Model Act,

§ 9 (a) (2011).[7] The rationale is that "having the child in court emphasizes for the judge and all parties that this hearing is about the child." Id. § 9 commentary.[8]

Third, the majority fails to acknowledge that our state has more than one model for advocating the best interest of the child in a deprivation proceeding. "Some courts use only attorney guardians, others use a combination of attorneys and CASAs or other trained citizens and volunteers, and yet others use CASAs or trained citizens and volunteers exclusively." *Benchbook*, ch. XXIX, § (C) (2) (f). For example, according to their amicus briefs, Fulton County appoints legal counsel for each child who is the subject of a deprivation petition and may not appoint a guardian ad litem, whereas DeKalb County appoints counsel to serve in a dual role as attorney and best-interest advocate. The majority's holding ignores these distinctions and fails to offer sufficient guidance to juvenile court judges about how to apply the new rule when the child is not represented by a guardian ad litem, as happens in Fulton County, or is represented only by a CASA or other trained volunteer who is not acting as the child's attorney, as occurs in other counties.

Finally, the majority opinion's approach insulates the guardian ad litem's recommendation from appellate review. In this case, consistent with the CASA's recommendation, the juvenile court not only ruled against returning W. L. H. to his guardians but also excluded him from the courtroom during most of the proceedings, despite the request of W. L. H. and his attorney that he be allowed in the courtroom. By holding that only the best-interest advocate has standing to challenge these rulings on appeal, both the Court of Appeals and majority opinion prevent appellate review of the CASA's recommendations, which may have affected the trial court's disposition of the case.

Our system of laws assures that an attorney will competently represent a client in a legal proceeding and provides methods by which to review the quality and adequacy of an attorney's legal representation, even when that client is a child. No such assurance and no such protections apply to a lay community volunteer who represents a child as guardian ad litem. Nonetheless, the majority

---

[7] See also American Bar Association Standards of Practice for Lawyers Who Represent Children in Abuse and Neglect Cases, Part I, § D-5 (1996) ("In most circumstances, the child should be present at significant court hearings, regardless of whether the child will testify.").

[8] See generally Barnes et al., *Seen, Heard, and Engaged* at 5 (describing research in which youth reported feeling more informed about their life when allowed to attend court and more trust in the judge to make the right decision).

opinion makes absolute and unreviewable the decision of a community volunteer with limited training to override the judgment of the child and his attorney. In effect, this Court grants to a volunteer advocate in a child's deprivation proceeding more absolute, unreviewable power over a child's liberty and life than the law invests in a juvenile court judge or a child's own parents. It is nothing short of a court-mandated abdication of a child's rights and best interests to one person and one person alone.

6. By this dissent, I am not questioning the motive, actions, or recommendations of the CASA in this or any other case, who are voluntarily providing their time and services to enable the juvenile judges to make the often difficult decision about what is in the best interest of a child. What I am challenging is the assignment of a role to the CASAs for which they have no training or expertise.

Nor is this dissent advocating that children of all ages may determine when to appeal a decision in a juvenile proceeding or that a baby or "a child, from the moment he or she learns to speak" may mandate his or her attorney to appeal a finding of deprivation. Instead, I recognize that children appearing in juvenile court are on a continuum ranging from the infant who cannot yet articulate words to the 17-year-old high school student taking advanced placement tests and applying for college. The primary point of this dissent is that children are not monolithic beings to be neither seen nor heard in court, and this Court needs to recognize that a child has the right to participate in the deprivation action and direct his attorney to appeal when appropriate. Among the factors to be considered on a case-by-case basis are the age, educational level, and capacity of the child to make a considered decision; the reason for the deprivation proceeding; and the effect of the child's decision on himself or others.

Our law already recognizes the right of children as young as 13 to bring direct appeals through their attorney. As one of our juvenile court judges has pointed out:

> [T]he public policy of the state of Georgia, as reflected by legislative enactments, is that at age 13, children who have committed certain offenses can be incarcerated for life. These children are expected to direct their own defense when legal proceedings are instituted against them. If a 13-year-old child is presumed capable of meaningful participation in his legal defense under those circumstances, the same 13-year-old child is equally as capable of assisting counsel in a deprivation proceeding and being seated at counsel table.

Teske & Carter, *The Next Generation*, 13 Ga. B.J. at 26. For children who are younger than 13, there are professional rules, guidelines, and standards to assist counsel and courts in determining when a child is capable of directing his or her legal representation. See, e.g., Ga. Rules of Professional Conduct 1.14; ABA Model Act § 7 (c); ABA Standards of Practice, Part I, §§ B-3 & B-4. The Model Act on representing children in deprivation actions provides that when a "normal client-lawyer relationship is not reasonably possible to maintain, the child's lawyer shall make a substituted judgment determination." ABA Model Act § 7 (d). Moreover, when the child's lawyer "reasonably believes that the client has diminished capacity," is at risk of substantial harm, and cannot adequately act in the client's own interest, the lawyer may take necessary protective action, including consulting with persons who can take action to protect the child and seeking the appointment of a best-interest advocate. Id. at § 7 (e). Thus, an attorney is charged with zealous representation of his child client, but is offered guidance on how to represent a child who is not yet capable of directing the representation, such as infants.

The Court's holding today assures that children who misbehave will have far more rights and options in our courts than children who are victims of misbehavior.[9] Under Georgia law, a child at the age of 13 is held criminally responsible for his conduct and is liable to suffer adult punishments, including life in prison. As a result, older children accused of misconduct in state courts have the full right of legal representation, including the right to appeal any court decision with which they disagree. Yet, this Court now holds that children as old as 17 shall never have the right to appeal a juvenile court deprivation proceeding that shapes their life and liberty if a third party, community volunteer disagrees.

7. In conclusion, the majority today sets forth a model that assumes everyone in the courtroom knows what is best for the child, except the person most affected by the proceedings. It unfairly denies an older child and his attorney any voice in deciding the child's fate and cloaks the least trained advocate with absolute authority to decide the child's interests. For these reasons, I dissent from the majority's holding that the decision of the best-interest advocate not to appeal should always prevail, even when contrary to the express

---

[9] See generally Teske & Carter, *The Next Generation*, 13 Ga. B.J. at 26 (In considering the due process interests of a child in state custody who may be placed in a residential facility or other institution, "[t]he issue of loss of liberty is of particular concern because of the irony that results when comparing the treatment of children in delinquency and deprivation proceedings.").

wishes of the child who is represented by legal counsel. Instead, this Court should adopt a rule that acknowledges that the child, as the party most affected by the finding of deprivation, has standing to appeal through his attorney. Because the juvenile in this deprivation action was represented by legal counsel and his attorney was the best protector and advocate of his legal interests, I would hold that W. L. H. has standing to appeal the juvenile court's finding that he was deprived.

I am authorized to state that Judge Downs joins in this dissent.

DECIDED MARCH 4, 2013.

*Lori B. Duff,* for appellant.

*Samuel S. Olens, Attorney General, Dennis R. Dunn, Deputy Attorney General, Shalen S. Nelson, Senior Assistant Attorney General, Calandra A. Harps, Assistant Attorney General, Woodrow W. Ware III, Prior, Daniel & Wiltshire, Lee R. Moss, Fred R. White,* for appellee.

*Kilpatrick, Townsend & Stockton, Miles J. Alexander, Bondurant, Mixson & Elmore, Michael A. Caplan, Baker & McKenzie, J. Richard Hammett, Jane G. Okrasinski, Aimee E. Stowe, Nathan A. Hayes, Coy J. Johnson, Jr., Willie J. Lovett, Jr., Kirsten L. Widner, Melissa D. Carter, Angela T. Tyner,* amici curiae.