# Court of Appeals
# of the State of Georgia

ATLANTA,  November 13, 2014

*The Court of Appeals hereby passes the following order:*

**A15E0010.  McKNIGHT v. SIMMONS.**

Chanda Leigh McKnight has filed a "Motion for Emergency/Immediate Supersedeas." According to the motion and the exhibits attached thereto, in this matter concerning legitimation and custody of a four-year-old child, the trial court entered an order on July 30, 2014 concerning McKnight's counsel. McKnight sought interlocutory review of the July 30 order by obtaining a certificate of immediate review on August 4 and applying for interlocutory appeal, which was docketed in this Court on October 6. This Court granted the application on October 9.

In the meantime, on September 29, 2014, the trial court scheduled a hearing for November 13, 2014 at 3:00 p.m. to address the issues of temporary custody, temporary support and temporary parenting time, as well as a motion for appointment of a guardian ad litem. Nevertheless, McKnight waited for more than one month after this Court granted her application, until the eve of the long-scheduled hearing, before seeking an emergency supersedeas in this Court in an attempt to stop the scheduled hearing.

The issues of temporary custody and support are interim, not final or permanent, in nature and are "intended to create an interim arrangement that serves the best interests of the child pending adjudication of the rights of the mother and father"; for this reason evidence from temporary hearings is not generally admissible in final custody determinations. *Pace v. Pace*, 287 Ga. 899, 900 (700 SE2d 571) (2010) (addressing temporary custody). And a guardian ad litem is the protector of a chid's best interests. *In re W.L.H.*, 292 Ga. 521, 524 (739 SE2d 322) (2013).

The emergency relief sought by McKnight would necessarily delay the trial

court's ability to address even these temporary matters that concern the best interests of the child. See *Blackmore v. Blackmore*, 311 Ga. App. 885, 887 (717 SE2d 504) (2011) (trial court has broad authority to decide matters of the supersedeas effect on custody and visitation rulings pending appeal); *Frazier v. Frazier*, 280 Ga. 687, 691 (5) (631 SE2d 666) (2006); *Shepherd v. Shepherd*, 233 Ga. 228 (210 SE2d 731) (1974).  See also OCGA § 5-6-35 (k) (in appeals of judgments or orders granting nonmonetary relief in a child custody case, the judgment or order on appeal "shall stand until reversed or modified by the reviewing court unless the trial court states otherwise in its judgment or order"). Also, the rules of this Court provide that in addressing emergency motions, we "may issue such orders or give such direction to the trial court as may be necessary to preserve jurisdiction of an appeal or to prevent the contested issue from becoming moot." Rule 40 (b). Allowing the trial court to address the temporary matters referred to herein will not affect this Court's jurisdiction of McKnight's appeal nor render the issue raised therein moot.

For the above reasons, McKnight's motion for emergency supersedeas is DENIED.



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,*_____11/13/2014_____
*I certify that the above is a true extract from*
*the minutes of the Court of Appeals of Georgia.*
*Witness my signature and the seal of said court*
*hereto affixed the day and year last above written.*

_____, *Clerk.*